**In re Calvin BABICH and Karen Babich, Debtors.**

**Bankruptcy No. 92–32022.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Dec. 29, 1993.

James M. Perlman, Toledo, OH, for debtors.

Anthony B. DiSalle, Toledo, OH, Chapter 13 Trustee.

Verne K. Armstrong, Asst. U.S. Atty., Toledo, OH.

Robert L. Handros, U.S. Dept. of Justice, Tax Div., Washington, DC, for Dept. of Justice, Tax Div.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Debtors' Objection to Claim of the IRS; Memorandum for United States in Opposition to Objection to Claim of Internal Revenue Service; Debtor's Reply Brief; and Supplement to Debtors' Brief. The Court has reviewed the written arguments of Counsel, supporting affidavits, all correspondences and exhibits, as well as the entire record in the case. Based upon that review, and for the following reasons, the Court finds that Debtors' Objection should be Sustained in Part and Overruled in Part.

### FACTS

The Internal Revenue Service (hereafter "IRS") assessed taxes and filed notices of existing tax liens on Karen Babich's Employee Stock Ownership Plan and Debtors' principal residence. These tax liens were assessed and notices filed according to the following chart:

| Income Tax Period | Assessment Date | Notice of Tax Lien Filed |
| --- | --- | --- |
| 12/31/77 | 09/21/81 | 07/12/82 |
| 12/31/78 | 09/07/81 | 10/08/87 |
| 12/31/79 | 09/07/81 | 10/08/87 |
| 12/31/80 | 09/07/81 | 10/08/87 |
| 12/21/84 | 06/10/85 | 11/08/85 |

On May 22, 1992, Debtors filed for relief under Chapter 7 of the Bankruptcy Code listing the IRS as a Creditor. Some of these claims were listed as general unsecured claims on the original Proof of Claim. Pursuant to the Amended Proof of Claim several of the claims were recharacterized as secured claims by virtue of the prior existence of the tax liens. Debtor filed an Objection and Brief in Opposition to the IRS' claims.

At the conclusion of the Chapter 7 proceeding, the IRS attempted to levy upon Debtors' real property and advertised the sale of the real property. To prevent the sale, Debtors filed a Petition pursuant to Chapter 13 of the Bankruptcy Code. Debtors' claimed statutory exemptions for their principal residence and the stock plan pursuant to 11 U.S.C. § 522 and Ohio Revised Code § 2329.66. The IRS did not object to Debtors' claimed exemptions. Debtors' Plan of Reorganization proposed that the Debtors pay the IRS Ten Thousand Four Hundred and 00/100 Dollars ($10,400.00) plus 9% interest over a period of sixty (60) months. Upon conclusion of all payments, Debtors' Plan considered the liens extinguished and the tax liability satisfied. Again, the IRS failed to file a written objection to Debtors' Plan.

### LAW

26 U.S.C. § 6322 (1954) reads as follows:

Unless another date is specifically fixed by the law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time.

26 U.S.C. § 6502 (1990) provides, in pertinent part:

Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable

thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—

(1) within 10 years after the assessment of the tax.[1]

26 U.S.C. § 6334 (1954) provides, in pertinent part:

(a) **Enumeration.** There shall be exempt from levy—

(6) **Certain annuity and pension payments.**—Annuity or pension payments under the Railroad Retirement act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. 562), and annuities based on retired or retainer pay under chapter 73 of title 10 of the United States Code.

(13) **Principal residence exempt in absence of certain approval or jeopardy**

Except to the extent provided in subsection (e), the principal residence of the taxpayer (within the meaning of section 1034).

(c) **No other property exempt.**—Notwithstanding any other law of the United States (including Section 207 of the Social Security Act), no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a).

(e) **Levy allowed on principal residence in case of jeopardy or certain approval**

Property described in subsection (a)(13) shall not be exempt from levy if—

(1) a district director or assistant district director of the Internal Revenue Service personally approves (in writing) the levy of such property, or

(2) the Secretary finds that the collection of tax is in jeopardy.

11 U.S.C. § 522(c) of the Bankruptcy Code provides:

(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt or the debtor that arose, or that is determined under section 502 of this title as if such debt has arisen, before the commencement of the case except—

(2) a debt secured by a lien that is—

(B) a tax lien, notice of which is properly filed.

### DISCUSSION

Debtors' argument is twofold. First, the IRS failed to object to Debtors' claim for exemptions under 11 U.S.C. § 522. As a result, the IRS is precluded from contesting its validity. Second, the IRS failed to object to Debtors' Plan of Reorganization within the statutorily prescribed time and therefore the IRS is bound by the terms of the Plan. In the alternative, the Debtors assert that the taxes have become legally uncollectible due to expiration of the applicable statute of limitations. The IRS claims that even though the tax liabilities were discharged in the Chapter 7 case, the liens remain in effect on Debtors' real and personal property. The IRS also claims that under 11 U.S.C. § 522(c)(2)(B), Debtors' exempt property remains subject to the tax liens; and therefore Debtors' pension and real estate are still subject to levy.

As a result of the arguments made by Debtors and the IRS, this Court must determine first, which statute of limitations applies to each tax due; second, when the statute begins to run; third, what events, if any, tolled the statute's running; and fourth, whether appropriate action has been taken by the IRS which affects Debtors' exemption or the placement of tax liens on Debtors' principle residence and Karen Babich's Employee Stock Ownership Plan.

### I. CORE PROCEEDING.

The issues before this Court include Debtors' objection to the claim of the IRS and Debtors' entitlement to certain statutory exemptions. Pursuant to 28 U.S.C. § 157(b)(2)(B), core proceedings include the

---

1. This section was amended on November 5, 1990, to read ten (10) years instead of the previously designated six (6) years.

determination of the allowance or disallowance of claims against the estate or exemptions from property of the estate. This case is a core proceeding.

## II. STATUTE OF LIMITATIONS.

■ In November, 1990, the time period within which the IRS has to begin collection of taxes due after assessment, was extended from six (6) years to ten (10) years. 26 U.S.C. § 6502 (1991 Update). The effective date provision of the federal tax collection statute of limitations has been construed to mean that if a tax would be discharged as computed by the six (6) year period as of the November, 1990 effective date of extended statute of limitations, the tax was subject to the six (6) year limitations period. *In re Dakota Industries, Inc.*, 131 B.R. 437 (Bkrtcy.D.S.D.1991). In the event that the tax would not be discharged as computed by the six (6) year period, the tax is subject to the ten (10) year limitations period. *Id.* at 441. The tax does not have to be actually collected within the statutory period, rather, a "levy must be made or a proceeding in court commenced" within the six (6) or ten (10) year period. 26 U.S.C. § 6502.

### A. APPLICABLE STATUTE OF LIMITATIONS.

■ Since Debtors' tax liability arose prior to the enactment of the November, 1990 Amendment, the Court must first determine if the six (6) year or ten (10) year statute of limitations is applicable. The applicable statute of limitations is determined by assessing whether the six (6) year statute would have run by the date of the November, 1990 Amendment. *Id.* at 441. The date upon which the tax lien arises is the date of assessment of the tax. *United States v. Pioneer American Insurance Company*, 374 U.S. 84, 83 S.Ct. 1651, 10 L.Ed.2d 770 (1963); *United States v. General Motors Corp.*, 929 F.2d 249 (6th Cir.1991); *reh'g denied* (6th Cir. August 15, 1991); *Cipriano v. Tocco*, 757 F.Supp. 1484 (E.D.Mich.1991), *recons. denied*, 772 F.Supp. 344 (E.D.Mich.1991).

In the case at bar, the dates of assessment in the IRS' Proof of Claim are deemed correct. The 1977, 1978, 1979, and 1980, taxes were all assessed in September, 1981. The statute of limitations under the six (6) year statute expired in September, 1987, three (3) years prior to the November, 1990 Amendment. Thus, the six (6) year statute of limitations applies to all four (4) years' assessments. However, the 1984 assessed taxes which were assessed on June 10, 1985, would have an effective statute of limitations which expires on or about June 10, 1991. Since the statute of limitations expires after the enactment of the November, 1990 Amendment, the ten (10) year statute of limitations applies to the 1985 tax.

### B. WHEN THE STATUTE BEGINS TO RUN.

Next, the Court must ascertain when the applicable statute of limitations commences. Pursuant to 26 U.S.C. § 6502(a), the applicable statute of limitations begins to run on the date that tax is assessed. According to the Proof of Claim, the assessment date for the 1977 tax period is September 21, 1981; the 1978, 1979 and 1980 tax periods are September 7, 1981; and the 1984 tax is June 10, 1985. Absent some basis for tolling the statute, the IRS is precluded from collecting these assessments if collection efforts were not initiated prior to September 21, 1987 and June 10, 1995.

There exists four (4) sets of circumstances which will affect the tolling of the statute of limitations. The first of these includes what appropriate action, if any, was taken by the IRS within the statutorily applicable time. The second is the affect that the filing of bankruptcy within the statutorily applicable time had upon the tolling of the statute. The third is whether Debtors engaged in fraudulent activities which would toll the statute. The fourth is whether the Debtors and the IRS agreed to extend the collection period.

■ Typically, upon the filing of bankruptcy, the statute of limitations is tolled during the duration of the case and for a period of sixty (60) days thereafter. See 26 U.S.C. § 6213(f)(1). In this case there were no bankruptcy proceedings initiated prior to the expiration of the six (6) year period and therefore the statute cannot be tolled by this exception. Moreover, there is no evidence of fraud on the part of the Debtors nor is there

proof of an agreement extending the collection period. Accordingly, the statute will not be tolled by any of these exceptions. The only remaining circumstances under which the IRS may avoid preclusion under the statute of limitations is the action commenced by the IRS to collect Debtors' outstanding taxes prior to 1991.

The 1978, 1979 and 1980 tax liabilities were assessed on September 7, 1981, yet no action was taken by the IRS to collect the deficiency until well after the expiration of the six (6) year period. The first cognizable action was the filing of a Notice of Tax Lien (hereafter "Notice") with the Wood County Recorders Office. This filing was completed on October 8, 1987, approximately thirty (30) days beyond the six (6) year period. Consequently, the IRS is precluded from asserting claims for the 1978, 1979 and 1980 tax years.

■ On July 12, 1982, the IRS took action by filing Notice with respect to the 1977 tax liability. This tax, which was assessed within the six (6) year period, may be collected by levy or by a proceeding in court only if commenced within the six (6) year period. 26 U.S.C. § 6502. This raises an issue regarding whether the filing of the Notice constitutes a "levy made or court proceeding begun" under 26 U.S.C. § 6502. A Notice to Tax Lien is merely a procedural device which evidences the taxpayer's liability to the United States. See 26 U.S.C. § 6323(f) *et seq.* A levy is defined as the actual "seizure," by any means, of salary or wages or other property for unpaid taxes. 26 U.S.C. § 6331(b). By definition, the Notice does not constitute a levy nor does the Notice require the commencement of a court proceeding prior to issuance. The evidence shows that the IRS' first attempt to collect Debtors' delinquent taxes was the effort to sell the real estate in 1991. Since there is no evidence that the IRS took any action to initiate a levy or court proceeding within the statutory six (6) years, the IRS is likewise foreclosed from collecting the 1977 claim.

The 1984 tax liability, however is subject to the ten (10) year statute of limitations. Based upon an assessment date of June 10, 1985, the statute of limitations on the 1984 tax liability expires on or about June 10, 1995. Consequently, the IRS is not barred from the collection of the 1984 tax liability by the statute of limitations.

### C. EFFECT OF LIEN ON DEBTORS' EXEMPT PROPERTY

■ The question raised by the Debtors is whether the IRS may levy upon Debtors' pension plan or real estate, both of which the Debtors claim as exempt under 11 U.S.C. § 522, for purposes of collecting the 1984 tax liability. The Debtors claim that the IRS' failure to object to the exemptions within thirty (30) days after the conclusion of the meeting of creditors under Bankruptcy Rule 4003, precludes it from contesting the validity of the claims. *Taylor v. Freeland & Krontz,* —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). While the Debtors are correct that even noncolorable claims may become binding upon the Creditor if no objection is raised, the Debtors fail to realize the scope of applicability in the filing of a Notice of Tax Lien. The IRS' failure to object to the claimed exemptions is of no consequence since even exempt property remains subject to a tax lien until the amount due is satisfied or becomes unenforceable due to lapse of time. See 26 U.S.C. § 6322 and 11 U.S.C. § 522(c)(2)(B). The Bankruptcy Code does not require an objection under these circumstances. *In re Driscoll,* 57 B.R. 322 (Bankr.W.D.Wis.1986).

In sum, the IRS is barred from collecting Debtors' 1977, 1978, 1979 and 1980 tax liabilities for its failure to act within the attendant statute of limitations. Karen Babich's Employee Stock Ownership Plan, despite the holding of *Patterson v. Shumate,* —— U.S. ——, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992) is still subject to the tax lien for Debtors' 1984 tax liability. Debtors' principal residence is likewise subject to the tax lien for Debtors' 1984 tax liability.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

*Accordingly, it is*

**ORDERED** that Debtors' Objection to the Claim of the IRS for Debtors' 1977, 1978, 1979 and 1980 tax liabilities be, and hereby is, **SUSTAINED;** and that Debtors' Objection to the Claim of the IRS for Debtors' 1984 tax liability be, and hereby is, **OVERRULED.**