**In re James HOLMES, SSN: 522–02–0505, Kimberly Holmes, SSN: 524–08–9270, Debtors.**

**Bankruptcy No. 97–27829–SBB.**

United States Bankruptcy Court, D. Colorado.

Sept. 29, 1998.

---

Guy B. Humphries, Denver, CO, for debtors.

Lynn M. Janeway, Hayley L. Belt, Englewood, CO, for Old Kent.

## MEMORANDUM OPINION AND ORDER

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER came before the Court for hearing on August 25, 1998 on (a) Old Kent Mortgage Services, Inc.'s ("Old Kent") Motion to Reconsider Disallowance of a Portion of Creditor's Proof of Claim, (b) James Holmes and Kimberly Holmes' ("Debtors") Response thereto, and (c) Old Kent's Reply to Debtors' Response. For the reasons set forth below, the Court denies Old Kent's Motion to Reconsider Disallowance of a Portion of Creditor's Proof of Claim.

This matter involves a dispute between (a) the Chapter 13 Debtors who seek confirmation of a plan that proposes to pay Debtors' mortgagee less than the amount of its Proof of Claim, and (b) the mortgagee that filed a claim for more than that provided in Debtors' plan, largely due to additional attorney's fees and related costs. ·This dispute involves an issue of first impression in this Circuit.[1]

### ISSUE

The issue before the Court is whether a secured creditor's claim can be valued and/or modified in a Chapter 13 plan through the confirmation process, as opposed to requiring a debtor to either (a) provide for the full amount of the secured creditor's allowed claim, or (2) file an objection to the proof of claim pursuant to Fed.R.Bankr.P. 3007. More simply stated, must a Chapter 13 debtor file a separate, formal objection to a mortgagee's claim, pursuant to Fed.R.Bankr.P.

---

**1.** The procedure recognized in this opinion can have important consequences for debtors seeking confirmation of a Chapter 13 plan which cures a mortgage arrearage and mortgagee-secured creditors whose claims are greater than that provided for in a debtor's plan.

3007, or can that claim be adjudicated through plan confirmation?

## BACKGROUND

This Chapter 13 bankruptcy case was filed on December 2, 1997. The Debtors' bankruptcy schedules list Old Kent as a secured creditor with a first lien on Debtors' residence in the amount of $83,390.00. The original Chapter 13 Plan filed by Debtors provided that Old Kent would be paid the amount of its pre-petition arrearage, $7,806.00, capitalized at 8%, over 29 months.

On December 19, 1998, Old Kent filed a Proof of Claim setting forth its calculations of the arrearage owed by Debtors. At that time, Old Kent calculated that the total arrearage was $6,996.85. Subsequently, on January 9, 1998, Old Kent filed an Amended Proof of Claim, which increased its total arrearage to $8,072.21. That figure was broken down by Old Kent as follows:

| | |
|---|---|
| May 1, 1997 through November 1, 1997 payments | $5,584.16 |
| Accumulated late charges and/or fees | 322.23 |
| Approximate attorney fees and costs | 2,165.82 |

On April 20, 1998, Debtors filed an Amended Chapter 13 Plan which still provided that Old Kent would be paid $7,806.00, plus 8% capitalization on its pre-petition arrearage. Along with this Amended Chapter 13 Plan, Debtors filed a Motion to Confirm and a Notice of the Motion pursuant to Fed. R.Bankr.P.2002 and Local Bankruptcy Rule 202. The parties do not dispute that the Plan, Motion and Notice were properly served on Old Kent. The Motion to Confirm included the following provision:

CREDITORS SHALL TAKE NOTICE THAT IN THE ABSENCE OF A WRITTEN OBJECTION BY A CREDITOR, THE AMOUNT PAYABLE WHICH IS SPECIFIED IN THE PLAN TO BE PAID TO EACH OF THE SECURED CREDITORS WILL BE ACCEPTED BY THE COURT....

On May 1, 1998, Old Kent filed an Objection to Confirmation wherein it asserted that the Debtors' proposed Plan failed to fully provide for the amount of its claimed arrearage. Specifically, Old Kent asserted that the Debtors' Chapter 13 Plan did not comply with the provisions of 11 U.S.C. §§ 1322(b)(5) and 1325(a)(5).[2]

On July 8, 1998, this Court held a hearing on confirmation of Debtors' Amended Plan and the Objection filed thereto by Old Kent. Prior to the confirmation hearing, Old Kent filed a proposed Witness and Exhibit List. At the confirmation hearing, the Debtors (1) contested the amount and reasonableness of Old Kents' attorney's fees and costs, and (2) sought to conduct the confirmation hearing as noticed. Old Kent, on the other hand, (a) maintained that its legal fees and costs were justified and reasonable, and (b) that its objection to confirmation was a bar to confirmation.

The Court instructed Old Kent to proceed and produce evidence in support of its claim, including attorney's fees and costs. Old Kent had no witnesses present and was unable to authenticate documents indicating the total amount due on its claim, including the attorney's fees and costs. Old Kent's counsel objected to being asked to prove Old Kent's claim and argued that Old Kent's objection, standing alone, was sufficient to bar confirmation.

The Court disallowed Old Kents' claim for attorney's fees and costs and ruled that it would confirm the Debtors' Chapter 13 Plan, which provided, in full, for the principal and interest portion of Old Kent's claim.

On July 17, 1998, Old Kent filed a Motion to Reconsider Disallowance of a Portion of Creditor's Proof of Claim. On August 25, 1998, this Court held a hearing on the issues raised in Old Kent's Motion to Reconsider and Debtors' Response thereto.

---

**2.** 11 U.S.C. § 1322(b)(5) provides, in pertinent part, that a Chapter 13 plan may
... [P]rovide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any ... secured claim on which the last payment is due after the date on which the final payment under the plan is due.

11 U.S.C. § 1325(a)(5) provides, in pertinent part, that with respect to each allowed secured claim, the plan provides that
(B)(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim....

## DISCUSSION

Old Kent maintains that, absent an objection to its Proof of Claim pursuant to Fed. R.Bankr.P. 3007, its secured claim is allowed and, therefore, Debtors' Chapter 13 Plan must provide for the payment of such claim, in full, including attorney's fees and costs. Old Kent argues that, at the July 8, 1998 confirmation hearing, it had no burden to prove or authenticate the $8,072.21 set forth in its Amended Proof of Claim. Old Kent contends that the hearing on its Objection to Confirmation was an improper forum to determine the allowance of Old Kent's claim. Additionally, Old Kent states that the Debtors' Plan and Motion to Confirm cannot and do not constitute a substitution for an express objection to its claim according to the mandates of Rule 3007. Old Kent also maintains that the confirmation process and hearing did not afford it adequate notice of an objection to its proof of claim.

Old Kent concludes that this Court's Order of July 8, 1998 denying Old Kent's attorney's fees and costs in the amount of $2,448.05 was improper, since the Debtors did not specifically object to the claim, their Chapter 13 Plan cannot be confirmed unless it provides for the full amount of Old Kent's claim. In effect, Old Kent maintains that a separate, formal objection hearing is required to adjust its claim; a Chapter 13 confirmation hearing is not sufficient.

Debtors, on the other hand, contend that their Motion to Confirm specifically advised Old Kent that the Debtors were seeking an order pursuant to Section 506(a) valuing the secured claims to be paid through the Plan. The Motion further advised, according to Debtors, that in the absence of a written objection, the amount specified in the Plan to be paid to secured creditors would be accepted by the Court and used in the Court's determination that the Plan complied with Section 1325(a)(5). Since there is no dispute that Old Kent was properly served with the Motion to Confirm, Debtors assert that Old Kent had notice that the valuation of its secured claim was at issue at the confirmation hearing. Moreover, Debtors point out, Old Kent filed and advised the Court of its intended witnesses and exhibits to be produced at the confirmation hearing.

In support of their position, Debtors direct the Court to the cases of *In re Calvert,* 907 F.2d 1069, 1072 (11th Cir.1990) and *In re Linkous,* 990 F.2d 160, 162 (4th Cir.1993), which both hold that a confirmation hearing may be held in conjunction with a Section 506(a) valuation hearing, provided the secured creditor is given specific notice that the hearing will involve a valuation of its allowed claim.

Debtors also assert that a debtor may modify a secured creditor's claim in a Chapter 13 plan without filing an adversary proceeding, objecting to a claim or filing a separate motion. This proposition is clearly set forth in *In re Wolf,* 162 B.R. 98, 107 (Bankr. D.N.J.1993). In the *Wolf* case, when faced with the same argument set forth herein by Old Kent, the court unequivocally held that

> [N]o separate objection to the allowance of a secured claim is required to modify a secured creditor's rights in a chapter 13 plan.... The chapter 13 plan and confirmation process determines the amount of the allowed secured claims and no separate proceeding for allowance is required.

*Id.* at 107 (Citations omitted).

Additional authority also supports this position. In *Still v. Tennessee, Department of Revenue,* 57 B.R. 170 (Bankr.E.D.Tenn.1986), the court found that "confirmation of the plan necessarily determines the amount of the creditor's allowed secured claim." *Id.* at 172. The *Still* court further concluded that

> The procedure for allowance or disallowance under § 506(d) is subsumed in the confirmation process. There may be a request for valuation under Rule 3012 as part of the confirmation process but a separate request for allowance or disallowance under § 506(d) is not needed. Confirmation must determine the amount in which a secured claim dealt with by the plan is an allowed secured claim under § 506(a).

*Id.*

Although 11 U.S.C. § 502 provides that a proof of claim is deemed allowed, unless a party in interest objects, a court may determine the amount of a secured cred-

itor's claim and, therefore, whether a debtor's plan complies with 11 U.S.C. §§ 1322(b)(5) and 1325(a)(5), as part of the confirmation process. In other words, a creditor has an affirmative obligation to object to confirmation of a plan if such creditor believes the plan inadequately provides for its claim and the creditor must be prepared to offer evidence at the confirmation hearing in support of its claim. A creditor cannot simply rely, at the confirmation hearing, on the fact that it has filed a proof of claim to which the debtor has not, independently, objected.

This Court is cognizant that Old Kent's position is not without some support. Some courts do require a debtor to object to a secured creditor's claim before reducing the amount of the creditor's claim in a plan. *See e.g., Sun Finance Company, Inc. v. Howard,* 972 F.2d 639, 642 (5th Cir.1992); *Fireman's Fund Mortgage Corp. v. Hobdy,* 130 B.R. 318 (9th Cir. BAP 1991); *In re Thomas,* 883 F.2d 991, 996–99 (11th Cir.1989). These cases are, however, distinguishable. They note that the purpose of the formal objection requirement is to put a secured creditor on notice that the amount or validity of its claim may be modified by the Plan. That purpose has been served in the within case by service of the Plan and Motion to Confirm on Old Kent. The Motion to Confirm in this case clearly notified secured creditors that the Debtors were seeking an order pursuant to Section 506(a) valuing the secured claims to be paid through the Plan and that in the absence of a written objection, the amount specified in the Plan to be paid to secured creditors would be accepted by the Court and used in the Court's determination that the Plan complied with Section 1325(a)(5). Moreover, Old Kent was clearly put on notice that its claim was in dispute to the degree that it filed a proposed Witness and Exhibit List prior to the hearing.

■ This Court would note that a secured creditor need not file a proof of claim to receive distributions under a Chapter 13 plan. *In re Babbin,* 160 B.R. 848, 849 (D.Colo.1993). Therefore, if this Court accepted Old Kent's argument, it could be faced with the untenable situation of having

to routinely deny confirmation of a plan due to the filing or amendment of a secured proof of claim shortly before the confirmation hearing or entry of a confirmation order. Secured creditors would be able to delay confirmation by waiting until just prior to confirmation or the confirmation hearing to file or amend their proof of claim for an amount higher than that provided for in the debtor's Chapter 13 plan. If this happened, according to Old Kent, the Court would be unable to confirm the proposed Chapter 13 plan because it would not comply with 11 U.S.C. §§ 1322(b)(5) and 1325(a)(5). This Court declines to adopt such a procedure.

■ This Court believes that the Motion to Confirm provided adequate notice and due process sufficient to inform Old Kent that the amount of its claim would be determined at the time of the confirmation hearing. Accordingly, Old Kent should have been prepared at the confirmation hearing to present evidence in support of its claim. Old Kent cannot later, after receiving an unfavorable result, complain that the confirmation hearing was an improper forum to determine the amount and allowance of its claim.

## CONCLUSION

Based on the reasons set forth above, this Court concludes that the claim of a secured creditor can be valued and/or modified in a Chapter 13 plan through the confirmation process. A debtor is not required to either provide for the full amount of the secured creditor's allowed claim or file an objection to the proof of claim pursuant to Fed. R.Bankr.P. 3007. Instead, if the creditor believes the plan inadequately provides for its claim, it has an affirmative duty to come forth and object to confirmation of the plan. As part of that process, the creditor must be prepared at the confirmation hearing to present evidence which supports the amount of its claim. If no such evidence is produced at the confirmation hearing, then the Court may confirm the plan and disallow all or a portion of the creditor's secured claim. No separate, explicit or formal objection to the allowance of a secured claim is required.

## ORDER

Accordingly, it is

ORDERED that Old Kent's Motion to Reconsider Disallowance of a Portion of Creditor's Proof of Claim is DENIED.