**In re Jerry Dale SCOTT, SSN 442–82–1655, Amy Michelle Scott, SSN 446–72–3825, Debtors.**

**Bankruptcy No. 98–71071.**

United States Bankruptcy Court, E.D. Oklahoma.

Feb. 17, 1999.

Graphic's credit references.

Jimmy Veith, Ardmore, OK, for Debtors.

Kirk Cejda, Oklahoma City, OK, for Norwest Mortgage, Inc.

William Mark Bonney, Muskogee, OK, Chapter 13 Trustee.

### *OPINION*

TOM R. CORNISH, Bankruptcy Judge.

The issue in this case is the effect of the confirmed plan on a creditor's timely filed proof of claim filed after confirmation. Since res judicata does not apply in this case, the Court must determine whether Norwest Mortgage, Inc. ("Creditor") is entitled to post-petition attorney fees and costs. The answer to that question is yes. In this case, the mortgage provides for attorney fees and furthermore, the Creditor is over secured. As a result, reasonable fees and costs will be allowed.

The following constitute findings and conclusions pursuant to Rule 7052, Fed. R. Bankr.P., in this core proceeding.

The parties have stipulated to the following facts:

1. Norwest's arrearage claim consists of:

| | | |
|---|---|---|
| 4 Pymts. (1/98 through 4/98) @$424.62 | $1,698.48 | |
| Accrued Late Charges | 67.92 | |
| Uncollected Late Charges | 198.30 | |
| Property Inspections | 40.50 | |
| Total Pre–Petition Charges | | $2,005.20 |
| Post Petition Costs—Copies & Mailings | $   10.00 | |
| Post Petition Attorney Fees | 600.00 | |
| Total Post–Petition Charges | | $   610.00 |
| Total Pre & Post Petition Arrearage | | $2,615.20 |

2. It is stipulated that the pre petition arrearage is correct and debtors have no objection to these charges.

\*       \*       \*       \*       \*       \*

4. It is stipulated that $125.00 per hour for attorney time and $50.00 per hour for paralegal time is reasonable for the services rendered.

5. It is further stipulated that there is equity in the subject property and that Norwest is over secured.

The Mortgage provides, in pertinent part, as follows:

> If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.
>
> Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

■ As stated before, the issue is the effect of the confirmed plan on a creditor's timely filed proof of claim. In order to resolve this issue, the Court must look at the relationship of various provisions of the Bankruptcy Code. Generally, a confirmation order is treated as res judicata and the confirmed plan binds the debtors and creditors. 11 U.S.C. § 1327. A claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). The Debtors argue that res judicata binds the Debtors and creditors and therefore, Creditor is bound by the confirmed Plan. Creditor argues (1) res judicata does not apply; and (2) that since its mortgage allows post-petition attorney fees and costs and its proof of claim has not been objected to, it is entitled to the amount set forth in its proof of claim. Due process requires "notice reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (citations omitted). Res judicata would be appropriate if the creditor received adequate notice. *Piedmont Trust Bank v. Linkous (In re Linkous)*, 990 F.2d 160, 162 (4th Cir.1993). The Courts are split on what is required for adequate notice. *In re Holmes*, 225 B.R. 789, 792–93 (Bankr. D.Colo.1998).

The issue in *Holmes* was whether a Chapter 13 debtor was required to file a separate, formal objection to a mortgagee's proof of claim as set forth by Rule 2007 or whether the claim could be determined through the confirmation process. *Id.* at 790. The debtors in *Holmes* filed a Motion to Confirm their amended Chapter 13 plan which provided:

CREDITORS SHALL TAKE NOTICE THAT IN THE ABSENCE OF A WRITTEN OBJECTION BY A CREDITOR, THE AMOUNT PAYABLE WHICH IS SPECIFIED IN THE PLAN TO BE PAID TO EACH OF THE SECURED CREDITORS WILL BE ACCEPTED BY THE COURT.

*Id.* In *Holmes*, the debtors argued that they may modify a secured creditor's claim in a Chapter 13 proceeding without filing an adversary proceeding; filing an objection to the claim; or filing a motion. *Id.* at 792. The creditor argues that absent an objection to its proof of claim, its secured claim is allowed. *Id.* The Court, in *Holmes*, distinguished the cases which required a debtor to object to a secured creditor's proof of claim, by stating the purpose of the formal objection requirement is to put a secured creditor on notice that its claim may be modified. *Id.* at 793. The Court reasoned that the formal objection requirement was satisfied by the language set forth in the Motion to Confirm.

*Id.* The Bankruptcy Court for the Western District of Oklahoma in *Dupree v. Lomas Mortgage USA, Inc. (In re Dupree)*, 183 B.R. 270 (Bankr.W.D.Okla.1995) was faced with a similar issue; however, it is distinguishable from the case at bar. In *Dupree,* the Court found Lomas had received notice of the proposed bifurcation and lien splitting of its claim since the debtors had filed a § 506 motion.

Rule 3012, Fed. R. Bankr.P., sets forth the procedure for valuing collateral, as follows:

The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct.

Violation of Rule 3012 occurs when no notice of hearing on valuation is given. *In re Calvert,* 907 F.2d 1069, 1072 (11th Cir.1990). In so finding, the Court noted:

However, Rule 3012 requires that specific notice be given that the bankruptcy court will determine the extent to which the claim is secured. Mere notice that the bankruptcy court will hold a confirmation hearing on a proposed bankruptcy plan, without inclusion of notice specifically directed at the security valuation process, does not satisfy the requirement of Rule 3012.

*Id.*

▆ Since Rule 3012 requirement has not been met and this case is distinguishable from *Holmes* and *Dupree,* res judicata does not apply. There was no language in any notice or motion similar to that in *Holmes* and no motion as in *Dupree.* There is nothing in the Plan which would put the Creditor on notice that the Plan is reducing its claim. In this District, when a debtor writes down a debt to the value of the collateral, a § 506 motion is required, thus satisfying any due process notice requirements. Although the Debtors are not writing down the debt to the value of the collateral, the same effect results. In order for the order confirming plan to be given res judicata effect, the creditor must have been given minimum notice. Since the proof of claim and the Debtors'

objection thereto were filed after the plan was confirmed, res judicata would not apply to the arrearage claim.

The Court would hope that Debtors' counsel will work with creditors and their counsel to determine the proper amount of arrearages prior to confirmation. Then this issue would not come before the Court on a regular basis.

▆ Since res judicata is not applicable to this claim, the Court must now determine whether the Creditor is entitled to post-petition attorney fees and costs. This Court, in a recent decision of *In re Johnson,* Case No. 98–72421 (Bankr.E.D.Okla. Feb. 4, 1999), was faced with the issue of whether the mortgagee was entitled to post-petition attorney fees and costs. In that decision, the Court found that if a secured creditor is over secured and the mortgage provides for attorney fees in a bankruptcy proceeding, such fees and costs are allowable. Here the Mortgage specifically provides for attorney fees and costs in a bankruptcy proceeding. Furthermore, the parties have stipulated that there is equity in the property. However, the Court must still determine whether the fees and costs are reasonable. The parties agreed, and this Court agrees, that the hourly rate of $125.00 for attorneys and $50.00 for paralegals is reasonable. However, it must be determined whether each task is compensable. Overhead items are not compensable. *In re Peoples Sav. & Inv., Inc.,* 103 B.R. 264, 271 (Bankr.E.D.Okla.1989) (citation omitted). Furthermore, the attorney must keep contemporaneous time records stating each task performed and explanation of such task. *Id.* at 273. The Court has reviewed the time records and finds that the request for attorney fees should be allowed.

IT IS THEREFORE ORDERED that the Objection to Proof of Claim of Norwest Mortgage, Inc. is **denied.** However, post-petition fees will be allowed as per the stipulation.