**In re Francis QUILLARD, Lucia Quillard, Debtors.**

**Francis QUILLARD, Lucia Quillard, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 92–10388.**

United States Bankruptcy Court, D. Rhode Island.

Jan. 15, 1993.

Russell D. Raskin, Raskin & Berman, Providence, RI, for debtors/plaintiffs.

Everett C. Sammartino, Asst. U.S. Atty., Providence, RI, Scott H. Harris, Trial Atty., Tax Div., U.S. Department of Justice, Washington, DC, for the U.S.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

The Chapter 7 Debtors, Francis and Lucia Quillard, filed an adversary proceeding seeking to avoid as preferential transfers, two pre-petition Internal Revenue Service tax levies on Lucia Quillard's individual retirement accounts (IRA's). Before us is the United States' motion to dismiss the Debtors' complaint.

## TRAVEL AND BACKGROUND

The IRS has filed two federal tax liens against the Quillards, one in the amount of $32,902.63 on September 10, 1990, and the other in the amount of $47,903.92 on September 18, 1990, for the years 1981, 1984, and 1987. On January 23, 1992, the IRS placed levies on IRA accounts in two banks in which Lucia Quillard had money, with instructions to the banks to pay over, within 21 days, the funds in said accounts. At the time of the levies, the Debtor had $4,100 on deposit with Shawmut Bank, and $10,760 with Hampden Savings Bank. The Quillards filed their Chapter 7 petition on February 10, 1992. Hampden Bank paid to IRS the $10,760 in Quillard's account, and on February 21, 1992 that amount was applied against the Debtors' outstanding tax liability. Shawmut Bank still has possession of the funds in Quillard's Shawmut IRA account. The IRS has not filed a proof of claim in this bankruptcy case.

## DISCUSSION

IRS advances four reasons in support of its motion to dismiss. First, that jurisdiction is lacking because the Debtors failed to serve the United States Attorney General, as required by Bankruptcy Rule 7004(b)(4). Second, that the Debtors are seeking a monetary judgment against the United States, in violation of its sovereign immunity. In this regard the Government also argues that the Bankruptcy Code may not cause a waiver of immunity in bankruptcy proceedings where a money judgment is sought against it. Third, that the Debtors do not have standing to bring the

instant preference action,[1] and fourth, that even if the adversary proceeding survives procedurally, the Debtors cannot meet their burden of proof under 11 U.S.C. § 547(b)(5), because the IRS did not recover more via the levy than it would have received in a Chapter 7 liquidation. We will discuss each levy separately, because there are factual differences between them that affect our analysis of the issues presented.

## I. *The Hampden Savings Bank IRA.*

██ We begin by addressing the sovereign immunity argument, because the resolution of this issue renders the other arguments moot.

The United States may not be sued unless it waives its sovereign immunity. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769–70, 85 L.Ed. 1058 (1941). But Bankruptcy Code 11 U.S.C. § 106 entitled "Waiver of sovereign immunity," provides:

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

(1) a provision of this title that contains "creditor", "entity", or "governmental unit" applies to governmental units; and

(2) a determination by the court of an issue arising under such a provision binds governmental units.

11 U.S.C. § 106. The parties agree that if immunity is deemed to have been waived, such waiver would be pursuant to § 106(c), since IRS has not filed a proof of claim in the case. The Supreme Court in the case of *United States v. Nordic Village, Inc.,* —— U.S. ——, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992) has recently discussed the scope of the waiver created by § 106(c). There, four months after the company filed a Chapter 11 case, an officer and shareholder of the debtor withdrew $26,000 from the corporate account. The officer took $20,000 of that money and paid it to IRS to apply against his individual tax liability, and the trustee sued IRS to recover the $20,000 post-petition payment. *Id.* at ——, 112 S.Ct. at 1013. The Court held that the transfer could not be avoided under §§ 549(a) and 550(b), since the Government had not expressly waived its sovereign immunity. *Id.* at ——, 112 S.Ct. at 1013–16. The Court emphasized that a waiver of sovereign immunity must be unequivocally expressed to be an effective waiver, *id.* at ——, 112 S.Ct. at 1014 (citing *Irwin v. Veterans Admin.,* 498 U.S. 89, 95, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990)), and that "§ 106(c) nor any other provision of law establishes an unequivocal textual waiver of the Government's immunity from a bankruptcy trustee's claims for monetary relief." *Id.* —— U.S. at ——, 112 S.Ct. at 1017. The Court stated as dictum, however, that § 106(c) may create a waiver of government immunity as to requests for injunctive and declaratory relief. *Id.* at ——, 112 S.Ct. at 1015.

Here, the United States argues that *Nordic Village* prohibits the Debtors' suit because they are seeking a money judgment against the Government. The Debtors argue that they are not requesting monetary relief, but rather that they seek only declaratory and injunctive relief, "since the IRS never was in possession of the funds in question." The Debtors' argument is factually incorrect because, upon the Court's inquiry of the parties, it was determined that as to the Hampden Bank funds, IRS does have physical possession of the money. This brings the instant dispute squarely within the scope of *Nordic Village,* be-

---

**1.** We do not address the arguments regarding service of process or standing, since, even were we to find for the Debtors on those issues, our findings and conclusions on the merits render these arguments moot.

cause, no matter how you slice it, as to this account the Debtors are seeking to recover money from the United States. Both cases involve § 106(c) of the Bankruptcy Code, and *Nordic Village* clearly holds that § 106(c) does not impair Government immunity in actions for monetary recovery, even in bankruptcy. *See id.* at ——, 112 S.Ct. at 1013–16. Accordingly, we conclude that this Court lacks jurisdiction over the adversary proceeding as it relates to the Hampden Savings Bank IRA.

## II. *The Shawmut Bank IRA.*

■ Before addressing the merits of the United States' request for dismissal as to this account, we must first be satisfied that IRS has waived its sovereign immunity, since waiver is prerequisite to jurisdiction over this dispute. *See United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983); *University Medical Ctr. v. Sullivan (In re Univ. Medical Ctr.),* 973 F.2d 1065, 1085 (3d Cir. 1992). The United States maintains that *Nordic Village* is applicable here also, because the Debtors are seeking monetary relief in a case where the Government has not waived its sovereign immunity. The Debtors argue that the immunity argument does not apply in this instance because they merely wish to avoid a levy on funds still on deposit with Shawmut Bank, and that the specific relief they seek is to require Shawmut to release the funds in question to the Debtors. In this instance, we agree with the Debtors.

It is undisputed that Shawmut Bank is still in possession of the funds in question, and this is what distinguishes this situation from the one involving Hampden Bank. Here, since IRS is not in possession of the funds, this Court is not required to render a money judgment against the Government to grant the relief requested by the Debtors, and we have previously noted that in *Nordic Village* the Court stated that 11 U.S.C. § 106(c) authorizes the bankruptcy court to order injunctive and declaratory relief against the Government. *Id.* at ——, 112 S.Ct. at 1015 (citing *Hoffman v. Connecticut Dept. of Income Maintenance,*

492 U.S. 96, 102, 109 S.Ct. 2818, 2823, 106 L.Ed.2d 76 (1989)).

■ Section 106(c) of the Bankruptcy Code provides that "a provision of [the Bankruptcy Code] that contains 'creditor', 'entity', or 'governmental unit' applies to governmental units," and the United States is included in the definition of governmental unit. 11 U.S.C. § 101(27). Section 547 of the Bankruptcy Code, dealing with avoidance of preferences, is applicable to the United States because § 547 includes the term "creditor". *See* 11 U.S.C. §§ 106(c), 547. This analysis, coupled with the holdings in *Hoffman* and *Nordic Village,* authorizes this Court to determine, on the merits, whether the pre-petition levy by IRS on debtor's bank account is a preference. While this conclusion may be momentarily uplifting to the Debtors, their hopes should not rise too high, because they cannot demonstrate that IRS received more by the levy than it would have received in a Chapter 7 Liquidation. *See* 11 U.S.C. § 547(b)(5).

The United States argues, and we are compelled to agree, that by filing its Notice of Federal Tax Lien two years prior to the bankruptcy, it thereby acquired a perfected security interest in all of Debtors' property, which included the Debtor's IRA, and that in a Chapter 7 liquidation the IRS would have been entitled to the funds in question.

■ The Debtors also argue that the IRS claim is dischargeable pursuant to 11 U.S.C. § 523(a)(1), because said taxes became due and payable in excess of three years prior to the date of filing the petition. The Debtors then argue that with the debt discharged, the lien cannot survive without an underlying obligation. Under the Internal Revenue Code, IRS has a valid lien when a tax deficiency is determined. *United States v. National Bank of Commerce,* 472 U.S. 713, 719, 105 S.Ct. 2919, 2923, 86 L.Ed.2d 565 (1985). Section 6321 says, "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount ... shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, be-

longing to such person." 26 U.S.C. 6321 (1989). The lien is perfected against most entities when the IRS files its notice in the proper office. *See In re Hanson*, 132 B.R. 406, 408 (Bankr.E.D.Mo.1991); 26 U.S.C. § 6323(a) (1989). Section 6323 states in part, "The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof ... has been filed by the Secretary." 26 U.S.C. 6323(a) (1989). The lien remains in effect until the taxpayer's liability "is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C. 6322 (1989). When the IRS filed its notice of tax lien with the City Clerk of the City of Cranston, it acquired a perfected security interest in all of the Debtors' property, including both IRAs. 26 U.S.C. §§ 6321–6323. IRS's lien creditor status as to both IRAs remained unchanged as a result of the Debtors' bankruptcy, since a discharge in bankruptcy does not affect *valid* pre-bankruptcy liens. *Long v. Bullard*, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886); *Estate of Lellock v. Prudential Ins. Co. of America*, 811 F.2d 186 (3d Cir.1987). The fact that the debt upon which the lien was based may have been discharged is of no consequence, because "[t]he liability for the amount assessed remains legally enforceable even where the underlying tax debt is discharged in the bankruptcy proceeding." *Isom v. United States (In re Isom)*, 901 F.2d 744, 745 (9th Cir.1990); *see also Dillard v. United States (In re Dillard)*, 118 B.R. 89 (Bankr.N.D.Ill.1990), and although a discharge may relieve a debtor of personal liability, the property secured by a valid tax lien remains available to satisfy the debt. *In re Isom* at 745; 11 U.S.C. § 524(a)(2).[2] *See National Bank of Commerce* at 720.

Finally, the Debtors argue, § 522 of the Bankruptcy Code affords debtors certain avoiding powers as to liens on exempt property, and as to transfers of property which could have been claimed as exempt. *See* 11 U.S.C. §§ 522(f) and 522(h). Here, the Debtors elected the Rhode Island state exemptions pursuant to 11 U.S.C. § 522(b), and under Rhode Island law, "[a]n individual retirement account of individual retirement annuity as defined in section 408 of the Internal Revenue Code [26 U.S.C. § 408] and the payments or distributions from such an account or annuity" are exempt. R.I.Gen.Laws § 9–26–4(11) (Supp. 1992). However, the Debtors' avoiding powers *with respect to IRS tax liens* are limited by 11 U.S.C. § 522(c)(2)(B). *In re Henderson*, 133 B.R. 813, 817 (Bankr. W.D.Tex.1991). Section 522(c)(2)(B) provides:

(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, *except—*

.        .        .        .        .

*(2) a debt secured by a lien that is—*

.        .        .        .        .

*(B) a tax lien, notice of which is properly filed.*

11 U.S.C. § 522(c)(2)(B) (emphasis added). Therefore, even after discharge is entered, property claimed as exempt under § 522 remains available to satisfy any pre-petition debt secured by a valid tax lien, when notice of the lien has been properly filed.[3] *In re Braddock*, 149 B.R. 636, 3 Bankr. L.Rep. (CCH) ¶ 75,000 (Bankr.D.Mont. 1992); *Rench v. United States (In re Rench)*, 129 B.R. 649, 651 (Bankr.D.Kan. 1991); 11 U.S.C. § 522(c)(2)(B). Any other

---

2. Section 524 is entitled "Effect of discharge" and provides in pertinent part:

  (a) A discharge in a case under this title—

   .        .        .        .        .

    (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt *as a*

*personal liability of the debtor,* whether or not discharge of such debt is waived;

11 U.S.C. § 524(a)(2) (emphasis added).

3. What should be clear to all of us by now is the difficulty of winning the game, where your opponent's big brother is the one who makes up the rules.

construction would render the plain language of § 522(c)(2)(B) meaningless. *Perry v. United States (In re Perry)*, 90 B.R. 565, 566 (Bankr.S.D.Fla.1988); *In re Mattis*, 93 B.R. 68, 70 (Bankr.E.D.Pa.1988).

### CONCLUSION

For the foregoing reasons, we find and conclude that:

1) This Court lacks jurisdiction over Debtors' complaint to avoid the United States government levy on their IRA in the Hampden Savings Bank and accordingly, United States' motion to dismiss with respect to this levy is GRANTED;

2) This Court has jurisdiction over Debtors' complaint as to their IRA in the Shawmut Bank;

3) The Debtors are unable to satisfy their burden under 11 U.S.C. § 547(b)(5) with respect to the Shawmut Bank levy, and for the reasons stated above, the United States' Motion to Dismiss is GRANTED;

4) The IRS lien remains on the Shawmut Bank funds, even though the underlying debt is discharged;

5) The IRS lien remains on the Shawmut Bank funds, even though Debtors have claimed said funds as exempt.

Enter Judgment consistent with this opinion.