In re John O. DEPPISCH, Debtor.

John O. DEPPISCH, Plaintiff,

v.

UNITED STATES of America
INTERNAL REVENUE
SERVICE,

and

Thomas A. Noland, Chapter
7 Trustee, Defendants.

Bankruptcy No. 97–35005.
Adversary No. 98–3242.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Dec. 11, 1998.

Roger E. Luring, Miller & Luring, Troy, OH, for debtor.

Dale Ann Goldberg, Dayton, OH, Asst. U.S. Attorney.

Thoms A. Noland, Kettering, OH, Chapter 7 Trustee.

## DECISION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

WILLIAM A. CLARK, Chief Judge.

This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the standing order of reference entered in this district. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (O). This Decision and Order constitutes the court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052(c).

This matter is before the court on the Motion for Summary Judgment [Adv.Doc. # 20–1] of the Internal Revenue Service on the Complaint for Damages for Violation of Discharge, Restoration of Pension Funds and Determination of Exemption [Adv.Doc. # 1–1] of John O. Deppisch. The court has reviewed and examined the arguments of counsel, exhibits, and the record of the case, and is now prepared to render its decision on this matter.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On March 12, 1991, the IRS filed a Notice of a Federal Tax Lien with the Franklin County Recorder's Office for the taxable years 1981–1984. On September 4, 1997, John O. Deppisch (hereinafter "Debtor") filed for bankruptcy under Chapter 7. [Adv. Doc. # 1–1]. Listed in his schedules were certain obligations owed to the United States of America, estimated in the amount of $130,-000, for taxes on income Debtor earned in the 1980's. [Adv.Doc. # 1–1]. The Internal Revenue Service (hereinafter "IRS") entered into an Agreed Order of Dischargeability on or about October 2, 1997 for the tax liabilities incurred for the years 1980, 1982, 1983 and 1984. [Adv.Doc. # 10–1, Exhibit 1]. The parties further agreed that Debtor's tax liabilities for 1978, 1979, 1981 and 1985 through 1992 inclusive were paid in full. [Adv.Doc. # 1–1, Exhibit 1].

On or about March 3, 1998, the IRS levied against the Debtor's IRA account. As a result, Banc One Securities Corp. issued a check in the amount of $89,835.69 to the IRS. On December 15, 1998, the Debtor filed a Complaint For Damages For Violation Of Discharge Against the United States Of America, Restoration Of Pension Funds, Determination Of Exemption [Adv.Doc. # 1–1]. Debtor refutes that the IRS had a tax lien in place at the time he filed for Chapter 7. Furthermore, the Debtor claims that the IRA funds, monies rolled over from a 401(k) plan with his previous employer, are free and clear of the IRS's lien because they were listed as exempt property. The motion before the court is for summary judgment by the IRS on Debtor's Complaint. [Adv.Doc. # 20–1].

Motions for summary judgment in bankruptcy adversary proceedings are governed by Federal Rule of Bankruptcy Procedure 7056. Rule 7056 incorporates by reference Federal Rule of Civil Procedure 56, which states in pertinent part that:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c) (1998).

The initial standard under Rule 56 was addressed by the United States Supreme Court in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), where the Court stated that:

In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. "[T]h[e] standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a) ..." *Id.* at 322–23, 106 S.Ct. 2548 (citations omitted). Thus, when the "moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts ... In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87 106 S.Ct. 1348 (1986) (citations omitted). Therefore, "a mere scintilla of evidence is insufficient to permit [a non-moving party] in a civil case to avoid summary judgment against him—the evidence must be sufficient to permit a reasonable jury to find for the plaintiff." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). This court concludes that Debtor has not shown there is no genuine issue as to any material fact and has failed to comply with the requirements of Rule 7056.

■ Debtor argues that the lien was improperly filed because he claims he did not reside in Columbus, Ohio when the lien was filed. A quick examination of the exhibits submitted by the IRS shows Debtor's tax filings for 1991, dated and signed April 15, 1992, reflect a Columbus address. Nevertheless, it is undisputed that the IRA in question was held by Banc One Securities Corp., located in Columbus, Ohio. Pursuant to Ohio Rev. Code § 317.09, the IRS has a properly filed tax lien. In order for the IRS to effect a valid lien against the Debtor, the IRS must have filed its notice of "liens for internal revenue taxes ... in the office of the county recorder of the county in which the property is situated." OHIO REV.CODE ANN. § 317.09(A) (Anderson 1998). Therefore, the court concludes that the lien was properly filed when it was recorded in Franklin County.

Furthermore, Debtor seeks to convince this court that the federal tax lien does not attach to the IRA funds. Debtor relies on the fact that the personal obligations for those taxes were discharged. Nevertheless, the case law and the statutory provisions of 26 U.S.C. § 6321 clearly show that the federal tax lien the IRS attached to Debtor's IRA fund is enforceable.

■ The question of whether a lien survives a discharge in bankruptcy predates the Bankruptcy Act of 1898. *See Long v. Bullard,* 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886). In *Long,* the Supreme Court determined that a discharge in bankruptcy did not release a pre-petition lien of a mortgage. Since *Long,* the Supreme Court has had the opportunity to revisit the issue on more than one occasion. In *Johnson v. Home State Bank,* 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991), for example, the Supreme Court determined that a Chapter 7 bankruptcy discharge extinguishes only an action against the debtor *in personam* while leaving intact an action *in rem.* The very next term, the Supreme Court ruled that a pre-existing lien on property remains enforceable against that property even after an individual's personal liability has been discharged. *Dewsnup v. Timm,* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). Although the IRS cannot proceed to collect from the Debtor personally, it may satisfy the lien by levying against the Debtor's property. The fact that the underlying debt was discharged in bankruptcy does not render the liability for the amount assessed legally unenforceable subject to a valid lien. Thus, the pre-petition

federal tax lien continues to survive and attach to the IRA fund.

■ Tax liens are statutory liens which arise under the provisions of 26 U.S.C. § 6321 *et seq. Staats v. Barry (In re Barry* ), 31 B.R. 683 (Bankr.S.D.Ohio 1983). Section 6321 of the Internal Revenue Code states:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321 (1994). The lien in question here arose solely by force of federal tax law, and so it is classified as a statutory lien. *In re Mills,* 37 B.R. 832, 834–35 (Bankr. E.D.Tenn.1984); *In re Kenning,* 1997 WL 401586 (Bankr.M.D.Fla.1997) (noting that "a tax lien is created by operation of law upon administrative notice and demand for payment, 26 U.S.C. § 6321, without consent or judicial action is therefore a statutory lien . . ."). Therefore, when the assessment of the Debtor's tax liability was made, that debt was transformed into a statutory lien in favor of the United States. *See United States v. Carlin,* 948 F.Supp. 271 (S.D.N.Y.1996). In order to secure its lien, the IRS attached the lien to the Debtor's IRA. The Debtor asserts, however, that the IRA is exempt under Ohio Rev.Code § 2329.66(A)(10)(a), (b), and (c). That, in addition to the discharge order, does not prevent the IRS from levying against the IRA pursuant to its pre-petition lien.

■ The statute's broad language "reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." *United States v. Nat'l Bank of Commerce,* 472 U.S. 713, 719–720, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985) (citations omitted). Pursuant to 26 U.S.C. § 6321, a federal tax lien attaches to " 'all property and rights to property, whether real or personal' belonging to a person liable to pay taxes due and demanded." *Connor v. United States (In re Connor* ), 27 F.3d 365, 366 (9th Cir.1994) (citations omitted). An important factor to consider is that the federal tax lien occurred pre-petition. Consequently, "while tax liens securing dischargeable debts do not attach to property acquired post-petition, bankruptcy does not change their effectiveness regarding property interests a debtor held pre-petition." *Pansier v. United States,* 225 B.R. 657 (E.D.Wis.1998). The fact that the Debtor claimed that the IRA funds were exempt does not alter the enforcement of the pre-petition tax lien post-petition. Even property exempted will remain subject to a tax lien pursuant to § 522(c)(2)(B). *See Raihl v. United States (In re Raihl* ), 152 B.R. 615 (9th Cir. BAP 1993) (noting § 522(c)(2)(B) provides that property exempted under § 522 is subject to a tax lien.); *In re Quillard,* 150 B.R. 291, 295 (Bankr.D.R.I.1993) (stating § 522(c)(2)(B) limits Debtor's avoiding powers with respect to IRS tax liens.) Therefore, the federal tax lien "remains in effect until the taxpayer's liability 'is satisfied or becomes unenforceable by reason of lapse of time.' " *In re Babich,* 168 B.R. 617 (Bankr.N.D.Ohio 1994); *Quillard v. United States,* 150 B.R. at 295 (citing 26 U.S.C. § 6322 (1994)).

## CONCLUSION

The court concludes that prior to the Debtor's filing for bankruptcy, the IRS had a properly filed a tax lien secured by the IRA funds. Neither the discharge of the unsecured tax liability nor the status of the IRA as exempt or non-exempt property can alter the outcome of this adversary proceeding. Pursuant to 11 U.S.C. § 522(c)(2)(B), the pre-petition tax lien, filed in Franklin County survived the bankruptcy proceedings. The court has found, and the Debtor has cited, no exception in either the Internal Revenue Code or the Bankruptcy Code or the Ohio Revised Code that would provide for unique treatment of the IRA funds. Inasmuch as the federal tax lien on the IRA funds was in existence prior to the filing of the bankruptcy petition, the IRS was not required to take any other action. Therefore, the court finds there exists a valid pre-petition lien on the IRA funds.

For the forgoing reasons, the court concludes that Motion for Summary Judgment

of the IRS should be, and hereby is, GRANTED pursuant to 26 U.S.C. § 6321 and 11 U.S.C. § 522(c)(2)(B).

It is so ORDERED.