In re James K. PIPER, Debtor.

James K. Piper, Plaintiff,

v.

United States of America, Defendant.

Bankruptcy No. 02–12096–CJK.
Adversary No. 02–1229.

United States Bankruptcy Court,
D. Massachusetts.

March 31, 2003.

Victor Bass, Boston, MA, for Plaintiff.

Carina Campobasso, Washington, DC, David Steiner, Boston, MA, for United States.

Doreen Solomon, Boston, MA, Chapter 13 Trustee.

### *MEMORANDUM OF DECISION*

CAROL J. KENNER, Bankruptcy Judge.

The issue presented here is whether, in view of § 522(c)(2)(B), the Debtor may use § 522(h) of the Bankruptcy Code to avoid a tax lien on his exempt property. The Plaintiff, James K. Piper, is a chapter 13 debtor in whose bankruptcy case the United States of America has asserted a secured claim, based on two tax liens, securing tax debt in the total amount of $218,236.51. The liens encumber assets that the Debtor has claimed as exempt in this bankruptcy case, including pension plan accounts with assets totaling $422,604.62. By his complaint in this adversary proceeding, the Debtor seeks through 11 U.S.C. § 522(h) to avoid the liens against these exempt assets by exercise of the trustee's avoidance powers under 11 U.S.C. §§ 544(a)(1), 544(a)(2), and 545(2). The United States opposes the complaint. The parties submitted the matter for judgment on a statement of agreed facts. For the reasons set forth below, the Court holds that the United States is entitled to judgment as a matter of law because § 522(c)(2)(B) prevents a Debtor from using § 522(h) to avoid a tax lien.

### *Facts*

The following facts are established by agreement of the parties, as set forth in the Joint Stipulation of Facts they filed on September 18, 2002. Debtor James Piper commenced this bankruptcy case by filing a petition for relief under Chapter 13 of the Bankruptcy Code on March 22, 2002. At the time, he was indebted to the United States for income taxes, plus interest thereon and penalties, in the total amount

of $218,236.51.[1] As of the date of the bankruptcy filing, the United States had duly filed notices of tax lien as to such liability. The liens encumbered the Debtor's interests in a tax refund of $2,249, in insurance policies valued at $11,535.14, and in "pension account assets" totaling $422,604.62.[2] In the schedule of exempt assets he filed on April 19, 2002, the Debtor claimed each of these assets as exempt in this bankruptcy case, and no one has objected to the claims of exemption.[3] The Chapter 13 Trustee has not sought to exercise any avoidance rights she may have with respect to the liens.

### Procedural History

The Debtor's complaint seeks to avoid the United States's lien on a tax refund, an insurance policy, and the pension plan accounts. The complaint states three counts, each corresponding to one of the three avoidance powers the Debtor invokes, § 544(a)(1), § 544(a)(2), and § 545(2). In each count, the Debtor contends that the avoidance power invoked in that count would permit the chapter 13 trustee to avoid the IRS's lien on all of the assets that are the subject of this complaint. And in each of the three counts, the Debtor contends that § 522(h) permits him, instead of the trustee, to exercise the avoidance power invoked in that count;

§ 522(h) is integral to each of the three counts. In its answer, the United States denies that its liens are avoidable.[4] At the trial, held on January 24, 2003, the parties presented no evidence and instead submitted the matter for judgment on a statement of agreed facts, supplemented only by the affidavit of the Chapter 13 Trustee (with respect to her non-exercise of her avoidance powers).

The parties agree that, if the Debtor were successful in avoiding the United States's liens, the United States's claim would be a non-priority, unsecured claim. And it also appears that, if the United States's lien were avoided and rendered unsecured, the Debtor's noncontingent, liquidated, unsecured debts would still aggregate less than $290,525, the limit on eligibility for Chapter 13 relief, 11 U.S.C. § 109(e), such that he would remain eligible for relief under Chapter 13. The Debtor states that, if he were to prevail in this proceeding, he would file an amended Chapter 13 plan that would pay a dividend of approximately sixty percent to unsecured creditors, including the United States.

### Jurisdiction

This is a core proceeding, involving as it does an adjustment of the debtor-creditor relationship under central provisions of the

1. The parties agree that no portion of this debt qualifies for priority treatment under 11 U.S.C. § 507(a).

2. The Joint Stipulation of Facts does not specify what is meant by "pension account assets." The Debtor's complaint identifies these assets as "pension plan accounts," and the United States' answer admits the allegations of the paragraph in which this characterization appears. The claims of exemption themselves, which are made on Debtor's Schedule C, the schedule of property claimed as exempt, identify the assets in question as follows:

   IRA—Dreyfus Trust Company
   IRA—Franklin Bank

   IRA—Michigan National Bank
   IRA—Paine Weber
   Pension—Fidelity 401(K) and 403(b)
   Pension—TIAA CREF
All are claimed as exempt under Massachusetts law, G.L. c. 235, § 34A.

3. The time for filing objections to claims of exemption has expired. See Fed. R. Bankr. P. 4003(b).

4. The answer also stated, as a separate defense, that the summons had not been properly served. At trial, the United States stated that it was waiving this defense.

Bankruptcy Code. 28 U.S.C. § 157(b)(2)(O) (core proceedings include proceedings affecting the adjustment of the debtor-creditor relationship). Because the matter is a core proceeding, the bankruptcy court has jurisdiction to hear, determine, and enter judgment in the matter. 28 U.S.C. § 157(b)(1).

▬ The United States argues (for the first time in its post-trial memorandum) that the Court lacks subject matter jurisdiction over the adversary proceeding because the assets in question are excluded from the estate by operation of 11 U.S.C. § 541(c)(2). I reject this argument for two reasons. First, bankruptcy *in rem* jurisdiction extends not only to assets of the estate but also to "all assets of the debtor . . . as of the commencement of the case." 28 U.S.C. § 1334(e). The United States does not dispute that the assets in question were assets of the debtor as of the commencement of the case. And, insofar as the assets in question have been claimed without objection as exempt, only the Debtor is a real party in interest; the estate has no stake in this proceeding. So jurisdiction over the Debtor's assets suffices to confer all the *in rem* jurisdiction needed in this matter.

▬ Second, an asset of the debtor is excluded from the estate by § 541(c)(2) only if the asset is (1) a beneficial interest in a trust (2) whose transfer is subject to a restriction that is enforceable under applicable nonbankruptcy law. I have no evidence that any of the assets at issue here meets either of these two requirements.

Because the assets were undisputedly interests of the Debtor in property as of the commencement of the case, they are assets of the estate under § 541(a)(1) unless excluded by § 541(c)(2). 11 U.S.C. § 541(a)(1). Although the ultimate burden of proof as to subject-matter jurisdiction is the party asking the court to exercise such jurisdiction, where the alleged lack of jurisdiction is based on an exclusion, the party alleging the lack bears at least the burden of coming forward with evidence of the facts on which the exclusion is predicated. The United States has submitted no evidence that the any of the assets at issue is either a beneficial interest in a trust or subject to an enforceable restriction on its transfer. Therefore, even if jurisdiction were contingent on the assets' belonging to the estate, jurisdiction would not be lacking. For all these reasons, the Court is satisfied that it has full subject-matter jurisdiction over this adversary proceeding.

### § 522(h) and § 522(c)(2)(B)

▬ The avoidance powers that the Debtor invokes in this proceeding are powers that belong in the first instance to the bankruptcy trustee; in both § 544(a) and § 545, the operative words are "the trustee may avoid." Section 522(h) of the Bankruptcy Code permits the debtor to exercise the trustee's avoidance powers under §§ 544(a) and 545 in certain circumstance: where, by exercise of the avoidance power, the debtor would recover an asset that he or she can claim as exempt.[5]

5. Subsection (h) provides:
   The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—
   (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or

724(a) of this title or recoverable by the trustee under section 553 of this title; and
   (2) the trustee does not attempt to avoid such transfer.
   11 U.S.C. § 522(h). Subsection (g)(1) provides:
   (g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that

But § 522(c) of the Bankruptcy Code makes clear that even an exempt asset remains liable for certain debts, including "a debt secured by a lien that is a tax lien, notice of which is properly filed." 11 U.S.C. § 522(c)(2)(B).[6] On the basis of this continuing liability provision, courts have consistently held that § 522(c)(2)(B) overrides the § 522(h) lien-avoidance power where the lien in question is a tax lien. In other words, it prevents the Debtor from using § 522(h) to avoid tax liens.

The United States urges the court to adopt this position. The Debtor, on the other hand, argues that § 522(c)(2)(B) applies only to tax liens that have not been avoided; if the lien has been avoided, the debt in question is no longer secured by a tax lien, and therefore § 522(c)(2)(B) does not apply to the debt. So, in the Debtor's view, citation to § 522(c)(2)(B) is irrelevant to whether the lien may be avoided. The Debtor has cited no cases in support of his position.

The Debtor's position is rebutted by a comparison of parts (A) and (B) of § 522(c)(2). Both specify conditions under which an exempt asset remains liable for a debt secured by a lien on the asset. In part (A), an asset remains liable for the debt if the lien is neither avoided nor void under various sections of the Bankruptcy Code. 11 U.S.C. § 522(c)(2)(A). In part (B), however, assets remain liable for the debt provided only that the lien is "a tax lien, notice of which is properly filed." 11 U.S.C. § 522(c)(2)(A). In contrast to part (A), part (B) does not state that the lien in question must be neither avoided nor void under various sections of the Bankruptcy Code. If the Debtor's position were correct, it would have been unnecessary to specify in part (A) that the lien in question be neither avoided nor void; by the Debtor's proposed construction, a lien that existed on the date of the bankruptcy filing but that was later avoided by exercise of bankruptcy avoidance powers is no lien at all for purposes of § 522(c)(2). Congress must have intended otherwise, else the qualification in part (A)—that the debt be neither avoided nor void—is mere surplusage. And, where Congress included the qualification in part (A) but not in part (B), that too must have been purposeful, and it can only mean that the assets in question remain liable for the debt *regardless* of the whether the lien is avoided by exercise of bankruptcy avoidance powers.

The conclusion is inescapable that, by virtue of § 522(c)(2)(B), Congress intended to prevent a debtor from using the bankruptcy right of exemption and the related powers afforded by § 522(h) to defeat a tax lien that was in existence and properly noticed at the time of the bankruptcy fil-

the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

  (1) (A) such transfer was not a voluntary transfer of such property by the debtor; and

    (B) the debtor did not conceal such property[.]

6. Section 522(c)(2) provides:

  (c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except—

  (2) a debt secured by a lien that is—

  (A) (i) not avoided under subsection (f) or (g) of this section or under section 544, 545, 547, 548, 549, or 724(a) of this title; and

    (ii) not void under section 506(d) of this title; or

  (B) a tax lien, notice of which is properly filed[.]

ing.[7] For this reason, the United States is entitled to judgment as a matter of law on each of the Debtor's three counts. A separate judgment will enter accordingly, without need of the Court's addressing the other issues briefed by the parties.

7. The cases on point are numerous and apparently all in agreement. See *DeMarah v. United States (In re DeMarah)*, 62 F.3d 1248, 1251–1252 (9th Cir.1995) ("Congress has denied debtors the right to remove tax liens from their otherwise exempt property."); *Straight v. First Interstate Bank of Commerce (In re Straight)*, 207 B.R. 217, 228 (10th Cir. BAP1997) (§ 522(c)(2)(B) overrides the general exemption and avoidance powers granted in § 522(g) and (h)); *In re Mulligan*, 234 B.R. 229, 235 (Bankr.D.N.H.1999) (§ 522(h) avoidance power does not apply to a tax lien because, by virtue of § 522(c)(2)(B), the property encumbered by the lien is cannot be exempted from the debt the lien secures); *Bearden v. United States (In re Bearden)*, 216 B.R. 951, 955 (Bankr.W.D.Okla.1997) (Congress intended in § 522(c)(2)(B) to preserve the validity of a properly filed pre-petition tax liens against exempt property of a debtor.); *In re O'Neil*, 177 B.R. 809, 812–813 (Bankr. S.D.N.Y.1995) (§ 522(c)(2)(B) bestows added protection on perfected tax liens, which protection would be nullified if debtor were permitted to use the § 545(2) avoidance power to

avoid a perfected tax lien for exempt property); *In re Robinson*, 166 B.R. 812, 815–816 (Bankr.D.Vt.1994) (§ 522(c)(2)(B) requires that § 522(h) not be construed as empowering a debtor to use § 545(2) to avoid federal or state tax liens); *In re Quillard*, 150 B.R. 291, 295 (Bankr.D.R.I.1993) (a debtor's avoiding powers with respect to IRS tax liens are limited by 11 U.S.C. § 522(c)(2)(B); property claimed as exempt under § 522 remains available after discharge to satisfy any prepetition debt secured by a properly-noticed tax lien; any other construction would render the plain language of § 522(c)(2)(B) meaningless); *In re Mattis*, 93 B.R. 68, 69–70 (Bankr. E.D.Pa.1988) ("Congress did not intend to allow chapter 13 debtors to circumvent the effects of § 522(c)(2)(B) by invoking the trustee's avoiding power under § 545(2)."); *In re Perry*, 90 B.R. 565, 566 (Bankr.S.D.Fla.1988) ("In view of § 522(c)(2)(B) there is no rational basis to ascribe to Congress an intent through § 522(h) that all debtors may eliminate tax liens perfected against exempt property. Such an interpretation would nullify § 522(c)(2)(B).").