**In re Calvin & Karen BABICH, Debtors.**

**Bankruptcy No. 92–32022–S.**

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

March 15, 1994.

James Perlman, Toledo, OH, for debtors.

Anthony B. Disalle, Trustee, Toledo, OH.

Verne K. Armstrong, Asst. U.S. Atty., Toledo, OH.

Robert L. Handros, U.S. Dept. of Justice, Tax Div., Washington, DC.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Debtors' Objection to Claim of the Internal Revenue Service (hereafter "IRS"); Memorandum for the United States in Opposition to Objection to Claim of IRS; Debtors' Reply

Brief; and Supplement to Debtors' Brief. The original Memorandum Opinion and Order sustained Debtor's objection to claims for the tax years 1977, 1978, 1979, and 1980, and overruled Debtors' objection for the tax year 1984. Thereafter, the IRS filed a Motion to Alter or Amend Judgment and for Reconsideration of Disallowance of Claim and a Memorandum of Support of the Motion. Debtors filed a Memorandum in Opposition to Motion to Alter or Amend Judgment. The IRS filed a Reply in Support of Motion to Alter or Amend Judgment and for Reconsideration of Disallowance of Claim. The Court has reviewed the written arguments of Counsel, supporting affidavits, all correspondences and written exhibits, as well as the entire record in the case. Based on that review, and for the following reasons, the Court finds that the Motion to Alter or Amend Judgment should be Granted in Part and Denied in Part; and the Plan originally Confirmed on July 20, 1992 by the Court should be Reaffirmed.

## FACTS

The IRS assessed taxes and filed notices of existing tax liens on Karen Babichs' Employee Stock Ownership Plan and Debtors' principal residence. These tax liens were assessed and notices filed according to the following chart:

| Income Tax Period | Assessment Date | Notice of Tax Lien Filed |
|---|---|---|
| 12/31/77 | 09/21/81 | 07/12/82 |
| 12/31/78 | 09/07/81 | 10/08/87 |
| 12/31/79 | 09/07/81 | 10/08/87 |
| 12/31/80 | 09/07/81 | 10/08/87 |
| 12/21/84 | 06/10/85 | 11/08/85 |

On May 22, 1992, Debtors filed for relief under Chapter 7 of the Bankruptcy Code listing the IRS as a Creditor. Some of these claims were listed as general unsecured claims on the original Proof of Claim. Pursuant to the Amended Proof of Claim several of the claims were recharacterized as secured claims by virtue of the prior existence of tax liens. Debtors filed an Objection and Brief in Opposition to the IRS' claims.

At the conclusion of the Chapter 7 proceedings, the IRS attempted to levy upon Debtors' real property and advertised the sale of the real property. To prevent the sale, Debtors filed a Petition pursuant to Chapter 13 of the Bankruptcy Code. Debtors' claimed statutory exemptions for their principal residence and the stock plan pursuant to 11 U.S.C. § 522 and the Ohio Revised Code § 2329.66. The IRS did not object to Debtors' claimed exemptions. Debtors' Plan of Reorganization proposed that the Debtors pay the IRS Ten Thousand Four Hundred and 00/100 Dollars ($10,400.00) plus 9% interest over a period of sixty (60) months. Upon conclusion of all payments, Debtors' Plan considered the liens extinguished and the tax liability satisfied. Again, the IRS failed to file a written objection to the Debtors' Plan.

The original Order was rendered on December 29, 1993, which sustained Debtors' Objection to the tax claims for the 1977, 1978, 1979, and 1980 tax years, because the statute of limitation had expired. The 1984 tax claim's statute of limitation was judged not elapsed and therefore the Motion was Denied in part.

Thereafter, the IRS produced documents, signed by Debtors, which extended the statute of limitations, and filed a Motion to Amend Judgment. Debtors have answered with a Motion in Opposition and the IRS has also filed a Reply Brief.

## LAW

Fed.R.Civ.P. 60. Relief from Judgment or Order.

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.**

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (2) newly discovered evidence which by due diligence could

not have been discovered in time to move for a new trial under Rule 59(b).

11 U.S.C. § 522(c)

(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt has arisen, before the commencement of the case except—

(2) a debt secured by a lien that is—

(B) a tax lien, notice of which is properly filed.

11 U.S.C. § 1327. Effect of Confirmation.

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

(c) Except as otherwise provided for in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

### DISCUSSION

Debtors have asserted three (3) separate arguments. First, on which the original Order rested, is the procedural statute of limitations argument. Second, the IRS failed to object to Debtors' claim for exemption under 11 U.S.C. § 522. As a result the IRS is precluded from contesting its validity. Third, the IRS failed to object to Debtors' Plan of Reorganization within the time prescribed by statute and therefore the IRS is bound by the terms of the Plan.

The IRS claims that even though the tax liabilities were discharged in the Chapter 7 case, the liens remain in effect on Debtors' real and personal property. The IRS also claims that under 11 U.S.C. § 522(c)(2)(B), Debtors' exempt property remains subject to the tax liens; and therefore Debtors' pension and real estate are subject to levy.

As a result of the arguments made by the Debtors and the IRS, this Court must first reexamine the statue of limitations, considering the new evidence; second, in the event that the statute of limitations has not elapsed, make a proper adjudication on the merits of the claim.

### I. CORE PROCEEDING.

■ The issues before this Court include Debtors' objection to the claim of the IRS and Debtors' entitlement to certain statutory exemptions. Pursuant to 28 U.S.C. § 157(b)(2)(B), core proceedings include the determination of the allowance or disallowance of claims against the estate or exemptions from property of the estate. This case is a core proceeding.

### II. STATUTE OF LIMITATIONS

The IRS has produced evidence after a hearing and judgment on the merits. It is in fact entitled to Relief from Judgment under Fed.R.Civ.P. 60(b)(2), if the evidence is newly discovered.

■ Debtors' Memorandum in Opposition asserts that the period for objection under Fed.R.Civ.P. 60(b)(2) is one (1) year from the hearing. A correct reading of the Rule, however, indicates that a motion must be made not more then one (1) year after the judgment, not earlier. The Opinion and Order of the Court is dated December 29, 1993. 164 B.R. 581. The Motion to Alter or Amend Judgment was filed January 10, 1994, well within one (1) year.

Fed.R.Civ.P. 60(b)(2) requires a finding that the newly discovered evidence could not have been discovered on time using due diligence on the part of the IRS. The Court has reconsidered this question and because it has found reasoning on the merits to uphold it's original Order, will not make a determination at this time as to the issue of whether or not the due diligence test was met.

### III. DEBTORS' FIRST ARGUMENT ON THE MERITS: IRS FAILURE TO OBJECT TO DEBTORS' CLAIM FOR EXEMPTION

■ As more fully described in Section II(C) of the original Memorandum, Debtors'

first argument on the merits fails. A failure to object to a claimed exemption within thirty (30) days after the conclusion of the meeting of creditors under Bankruptcy Rule 4003, does not preclude the IRS from contesting the validity of the claims. See 26 U.S.C. § 6322 and 11 U.S.C. § 522(c)(2)(B).

## IV. DEBTORS SECOND ARGUMENT ON THE MERITS: CONFIRMATION OF THE PLAN

■ Standard Chapter 13 Bankruptcy procedure is designed to allow the debtor with a present income a "fresh start". This is accomplished by accounting for all assets and debts to date and allowing the debtor to restore obligations to a manageable level.

The procedure is mandated by statute and is quite explicit. Debtors must first submit a list of all creditors to the Court, who are then notified of the bankruptcy. 11 U.S.C. § 342. A 341 Creditors' Meeting is called to allow Creditors an opportunity to object to the claims of the Debtor. Id. § 341. Thereafter a plan of repayment is scheduled, usually for three (3) years, and not over, a period of five (5) years, where the Debtor agrees to repay a fixed amount periodically to compensate Creditors on a percentage basis. Id. § 1321 & 1322.

■ The Plan again may be objected to if a Creditor feels that the Plan does not compensate it's interest enough, given the Debtors' present income. 11 U.S.C. § 1324. Once a complete opportunity is given to object and to be heard, the Plan becomes official at a Confirmation Hearing. 11 U.S.C. § 1324 & 1325. Thereafter, Debtors must regularly fulfill their obligations under the Plan for the full term in order to receive a discharge of their remaining debts at the end of their term. 11 U.S.C. § 1326–1328.

This procedure allows Creditors the opportunity to be heard, while allowing Debtors a system to which they can rely and conform.

The legislative history of the Bankruptcy Reform Act is replete with references to the effect the proposed legislation would have on the collection of taxes. United States v. Norton, 717 F.2d 767 (3rd Cir.1983). See also, e.g., S.Rep. No. 1106, 95th Cong., 2d Sess.

(1978) (Committee on Finance); S.Rep. No. 989, 95th Cong., 2d Sess. (Judiciary Committee) reprinted in 1978 U.S.C.C.A.N. 5787. These references make clear that the Bankruptcy Code attempts to reconcile three (3) sets of interests that usually co-exist in tension: the interest of the general creditors who do not want a debtor's funds to be exhausted by accumulated back taxes; the interest of the debtors whose "fresh start" should not be burdened by accumulated taxes; and the interest of the public in not losing taxes whose collection the law has restrained. Id.

■ The provisions of a confirmed Chapter 13 plan bind the debtor and each creditor, whether or not the plan provides for the claim of a particular creditor. 11 U.S.C. § 1327(a) (1993). Any party in interest may object to the confirmation of a plan, and the Bankruptcy Court must give notice and an opportunity for such objections to be heard. Id. § 1324. Unless the plan provides otherwise, the property of the estate vests in the Debtor upon confirmation and comes free and clear of any claim or interest of any creditor provided for by the plan. Id. § 1327.

Here the Bankruptcy Court gave the IRS notice and an opportunity to have its objections to the proposed plan heard, an opportunity the IRS failed to take. Upon confirmation, the IRS became bound to that plan and to the payment schedule that would satisfy its claim in full. The Debtors have thus far been faithful to their obligations under the plan. To allow the IRS to retain their full claim would seriously compromise the powers of the Bankruptcy Court, the capacity of debtors to rehabilitate, and the equitable distribution that the Bankruptcy Code is designed to foster.

### CONCLUSION

The IRS has produced new evidence which the Court has examined. The statute of limitations waivers are valid and therefore the Motion to Alter or Amend Judgment of December 29, 1993, must be Granted in Part.

However, Debtors have asserted alternative defenses, all of which were not consid-

ered in the original Order. The IRS' Motion fails on the merits because it failed to object to the Confirmation of the Debtors' Plan of Reorganization. The Plan included debts from the tax years 1977, 1978, 1979, 1980, and 1984. Those taxes were properly listed in the Bankruptcy Petition, and the IRS was notified and provided for in the Debtors' Plan. The IRS never filed an Objection to the Plan and therefore is deemed to have accepted it.

The Reorganization Plan is created not only for the benefit of the Debtors, but also for creditors. The purpose of the Plan is to provide all involved an equal and adequate repayment, expeditious adjudication, and, most importantly to the Debtor, a "fresh start" unencumbered by previous obligations. To allow the IRS' claim without Objection, after Confirmation, would undermine the purpose and validity of this process.

The Court therefore finds that the Plan of Confirmation which was approved on July 20, 1992, became binding on all parties listed. The Plan included payments to the IRS to satisfy their claims for the tax years 1977, 1978, 1979, 1980, and 1984. Debtors have consistently maintained their obligations under this payment schedule, and it therefore should not be altered.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

*Accordingly, it is*

**ORDERED** that the Motion to Alter or Amend the Judgment of December 29, 1993, for statue of limitation extensions be, and hereby is, *SUSTAINED.*

**IT IS FURTHER ORDERED** that the Motion to Alter or Amend Judgment for Judgment on the merits of the claim be, and hereby is, *DENIED.*

**IT IS FURTHER ORDERED** that the Confirmation Plan, originally approved by the Court on July 20, 1992, covering Debtors' obligations in full to the IRS for tax years 1977, 1978, 1979, 1980 and 1984, be, and hereby is, *REAFFIRMED.*