### In re BERWICK ASSOCIATES, LTD., Debtor–In–Possession.

Bankruptcy No. 5–92–02037.

United States Bankruptcy Court,
M.D. Pennsylvania,
Wilkes–Barre Division.

Oct. 7, 1994.

**66**

Edward C. Toole, Philadelphia, PA, Priscilla Walrath, Wellsboro, PA, for Berwick Associates, Ltd.

Thomas James, Bloomsburg, PA, for party-in-interest.

Steven Roth, Wilkes–Barre, PA, for Mellon Bank.

Joseph Torsella, Berwick, PA, John H. Doran, Wilkes–Barre, PA, for BIDA.

David Thurston, Philadelphia, PA, for Binswager Co.

Glen Yanik, Wilkes–Barre, PA, for Safety–Kleen Corp.

### OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

The Debtor-in-Possession, Berwick Associates, Ltd., has filed an Objection to the Proof of Claim of the Columbia County Tax Claim Bureau alleging an indebtedness arising from real estate taxes for the years 1991 and 1992 in the amount of One Hundred Seventy-Three Thousand Seven Hundred Eleven and 49/100 Dollars ($173,711.49). The Objection challenges the allegation by the Tax Claim Bureau that the 1992 tax is fully secured and

further suggests that the value of the real estate for purposes of assessment of the real estate tax, even as reduced by a tax appeal, exceeds both the fair market value as evidenced by a bank appraisal or the ultimate purchase price received pursuant to a liquidation of the parcel after bankruptcy.

There are no circumstances present in this case that would suggest that we act as a "board of assessment appeals" and re-assess the property and thus recompute the property tax when a forum for such purpose exists at the county level. No reason is presented why county adjudication would not serve whatever concerns the Debtor has. Accordingly, we will limit our opinion to the issue of whether the 1992 property tax is in fact secured by a lien or whether that tax is unsecured.

■ The Debtor filed bankruptcy on November 2, 1992. By Stipulation of the parties, the county and township or borough taxes were assessed on January 1, 1992 and the school tax was assessed on July 1, 1992.

Pennsylvania statutory law sets forth the specific point in time when a tax becomes a lien. 53 P.S. § 7102. The statute indicates that taxes are a lien from the day on which the millage or tax rate is fixed by the proper authority of the political subdivision. In this case, the parties have stipulated to the dates indicated. Notwithstanding the fact that the bankruptcy was filed in November of 1992, that would render the taxes assessed for 1992 secured by valid liens against the real estate.

The Debtor cites *McLean v. City of Philadelphia Water Revenue Bureau*, 891 F.2d 474 (3rd Cir.1989) as authority for the proposition that a lien is only valid from the day it is docketed with the Clerk. That case is inapposite since its results were directed by 53 P.S. § 7106(b), a provision applicable only to cities of the first class. Cities of the first class are defined as those containing a population of one million or over. 53 P.S. § 101. Under Federal Rule of Evidence 201, we will note that the tax in question has not been imposed by such municipality.

The specific question as to whether filing is required in order to bind the Debtor post-

bankruptcy was addressed by the Honorable Joseph Cosetti in *In re Wilson*, 25 B.R. 61 (Bkrtcy.W.D.Pa.1982) when he interpreted 53 P.S. 7143 requiring the filing of property taxes within three (3) years of the last date of the calendar year in which the taxes are first payable as a methodology by which the tax lien could *continue* its lien status against others including a bona fide purchaser for value or a trustee in bankruptcy. Although, absent a filing within the three (3) years set forth in § 7143, a taxing authority would lose its lien status, that is not to say a tax is not a lien on the date of assessment as statutorily provided.

The Debtor relies on *Chartiers Valley School District v. Virginia Mansions Apartments, Inc.*, 340 Pa.Super. 285, 489 A.2d 1381 (1985) for authority that filing is required to effect a "perfection" of the lien interest. Presumably, the Debtor is suggesting that perfection is required to be binding against a trustee in bankruptcy.

Perfection is a term of art, the minimum meaning of which is that "... the secured party has done whatever is necessary in the way of giving notice to make his security interest effective at least against lien creditors of the debtor." *Black's Law Dictionary*, 5th Ed., 1979. We believe the use of the word "perfection" by the Pennsylvania Superior Court in *Chartiers Valley* was unfortunate. That court interpreted 53 P.S. § 7432 which addresses the revival of a lien once it lapses by failure to file such as set forth in 53 P.S. § 7143 as aforesaid. To suggest the lien is perfected "by filing" implies a lien existed immediately before filing which is not the case presented by § 7432 [1] where the lien is assumed lost by failure to file.

■ In summary, a lien is *created* (and by definition perfected) when the tax is assessed in conformity with § 7102. The lien is *con-*

*tinued* by timely filing within three (3) years after the year in which first payable. 53 P.S. § 7143. If perchance the lien is lost by failure to file, it can be revived by late filing under § 7432.

We therefore conclude that the tax in question is a lien enforceable against the Debtor-in-Possession.

### *ORDER*

The Objection to Claim No. 5 of the Columbia County Tax Claim Bureau filed by the Debtor-in-Possession is overruled. The Objection to Claim No. 4 of the Columbia County Tax Claim Bureau filed by the Debtor-in-Possession is sustained as being superseded by Claim No 5.

---

**1.** Whenever, heretofore or hereafter, any ... township, school district ... has failed to file in the office of the prothonotary of the county, any tax claim or municipal claim assessed against any property within the time limit required by law for such filing, whereby the lien of such tax or municipal claim is lost; ... then, in any such case heretofore or hereafter occurring, any such ... township, school district ... may, at any time after the effective date of this act, file such tax or municipal claim ... and such claim ... so entered ... shall be a valid claim ... and be a lien upon the real estate upon which it was a lien at the time the claim was filed ...: Provided, that the lien of any such claim ... shall not reattach against any real estate transferred to any purchaser before such claim is filed or during the time when the lien of any such tax or municipal claim ... is lost, nor shall the lien of any such claim ... impair or affect the priority because of the lien of any mortgage or other lien which gained priority because of the failure of the township, school district ... to file such claim. 53 P.S. § 7432.