**In re Vern L. McKISSICK and Janet L. McKissick, Debtors.**

**Bankruptcy No. 5–94–01098.**

United States Bankruptcy Court,
M.D. Pennsylvania,
Wilkes–Barre Division.

April 18, 1996.

John Murphy, Wellsboro, PA, for Debtors.

Edith Dowling, Wellsboro, PA, for Tioga Co. Tax Claim Bureau.

### OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

Objections have been filed by the Debtors to the Proof of Claim of the Tioga County Tax Claim Bureau which claim asserts "priority status" for various taxes accruing during 1992, 1993 and 1994 against the Debtors' real estate.

At the time of the trial on this matter on August 2, 1995, the parties agreed that there was no material factual disputes. The parties further agreed that only the 1992 school tax and the 1993 county and borough tax were at issue. Otherwise, the Debtors' objection to the proof of claim was to be sus-

tained. *Transcript dated August 2, 1995 at p. 10.*

The dispute centered on a consideration of 11 U.S.C. § 507(a)(7)(b) (now identified under 11 U.S.C. § 507(a)(8)). This section identifies priorities as follows:

§ 507. Priorities.

(a) The following expenses and claims have priority in the following order:

(7) Seventh *(8) Eighth,* allowed unsecured claims of governmental units, only to the extent that such claims are for—

(B) a property tax assessed before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition;

■ This provision authorizes the unsecured claims of governmental units to a priority for property taxes ". . . payable without penalty sometime within the year before the bankruptcy was filed". *In re Becker,* 169 B.R. 725, 730 (Bkrtcy.D.Kansas 1994).

It has been conceded by the parties that the school tax in dispute became due on July 1, 1992 and went into penalty on November 1, 1992. The county and borough tax became due on April 1, 1993 and went into penalty on July 1, 1993.

While this would appear to suggest that both taxes were in penalty well beyond the one year period prior to the bankruptcy filing on August 22, 1994, the tax claim bureau makes what at best could be considered an odd argument.

They suggest that even though the tax was in penalty at the time it was sent from the tax collector to the county tax claim bureau for collection, by authorizing the payment of the tax and the penalty in installments over the course of one year, without further penalty, somehow the property tax regains its lost priority. This process is argued to be sufficient to bring the tax in question back into priority status.

The court asked that this argument be briefed. Not surprisingly, the brief of the tax claim bureau completely abandoned their earlier argument and instead took the position that the taxes in question were secured

claims under the law entitled to be addressed under 11 U.S.C. § 1325.

■ We first conclude that the taxes in question were, in fact, secured claims for those same reasons we enunciated in *In re Berwick Associates Limited,* 178 B.R. 65 (Bkrtcy.M.D.Pa.1994).

■ Having concluded that the taxes represent secured claims for their entire amount, we cannot also conclude that they are "unsecured claims" addressed in 11 U.S.C. § 507(a)(7) since a secured claim is not addressed by the priority section of 11 U.S.C. § 507.

The tax claim bureau requests in its brief that the court ". . . allow its priority claim for 1992 school taxes and 1993 county and borough taxes be added to payment under debtors' Chapter 13 plan".

We find that this court is unable to grant that request.

■ First, the tax claim being secured, it cannot be a priority under Section 507 and, therefore, need not be paid under Section 1322(a)(2) by the chapter 13 plan.

■ Second, the plan in question was confirmed by the court without objection on December 12, 1994. The plan provides in paragraph 2(b) that "holders of allowed secured claims shall retain the liens securing such claims . . .". The Tioga County Tax Claim Bureau retained its lien notwithstanding 11 U.S.C. § 1327(c), which provides that property vesting in the debtor is ". . . free and clear of any claim or interest."

■ Third, the failure of the Tioga County Tax Claim Bureau to register a timely objection to the plan constitutes an acceptance of the plan in accordance with 11 U.S.C. § 1325(a)(5)(A). *In re Szostek,* 886 F.2d 1405, 1413 (3rd Cir.1989).

Lastly, ". . . it would be unjust and unfair to those who had accepted and acted upon a reorganization plan if the court were thereafter to reopen the plan and change the conditions which constituted the basis of its earlier acceptance." *In re Szostek, supra* at p. 1409, citing *In re Penn Central Transportation Co.,* 771 F.2d 762 (3rd Cir.1985), which in

turn, cited *Duryee v. Erie Railroad Co.*, 175 F.2d 58, 61–63 (6th Cir.) *cert. denied*, 338 U.S. 861, 70 S.Ct. 103, 94 L.Ed. 527 (1949).

For all these reasons, we conclude that, in the absence of fraud, this court is unwilling to alter the confirmed plan to provide for payment of the secured claim of this creditor.

On May 18, 1985, the Debtors objected to the priority status of the taxes in question. For those reasons indicated in this Opinion, that objection is sustained.