**In re Francis P. FARRELL, Debtor.**

**United States of America, Internal Revenue Service, Movant,**

**v.**

**Francis P. Farrell, Respondent.**

**Bankruptcy No. 5–97–03837.**

United States Bankruptcy Court,
M.D. Pennsylvania,
Wilkes–Barre Division.

April 12, 1999.

John A. Morano, Jr., Assistant U.S. Attorney, Scranton, PA, for U.S.A., I.R.S.

Joseph G. Murray, Wilkes–Barre, PA, for debtor.

Charles DeHart, III, Hummelstown, PA, trustee.

## *OPINION*

JOHN J. THOMAS, Bankruptcy Judge.

The Court has again been asked to utilize its powers under § 105(a) (11 U.S.C. § 105) to issue an order regarding a matter not specifically addressed by the Bankruptcy Code on the grounds that such order is "necessary or appropriate to carry out the provisions of this title." More specifically, the United States has filed a Motion to Compel the Debtor to File his Tax Returns for the years ending 1995, 1996, and 1997. The Debtor, Francis Patrick Farrell, opposes the Motion to Compel arguing that it is beyond the powers authorized under § 105.

More succinctly stated, the Court must first analyze whether the bankruptcy court has the power to compel the filing of tax returns, and, if it determines that it does, decide whether that power should be exercised under the facts of this case.

■ On its surface, it would be convenient to order the Debtor to file tax returns, which are otherwise required to be filed by federal statute (26 U.S.C. § 6001, 6011, 6012). It also would be most helpful in allowing the United States to amend its currently filed Proof of Claim to reflect an actual obligation rather than estimates. Section 105 powers, however, are not so casually flexed. That section cannot be utilized to "breathe life" into lapsed contractual agreements, extend deadlines otherwise prohibited, or realign the priorities provided for by the bankruptcy code. 2 Lawrence P. King, Collier on Bankruptcy ¶ 105.05 at 105–81 (15th ed. rev.1997). Neither can section 105 authorize the Court to create rights not otherwise available. *Southern Railway Company v. Johnson Bronze Company* 758 F.2d 137, 140 (3rd Cir.1985). More simply stated, section 105(a) gives the court general equitable powers "to further the substantive provisions of the code" but does not authorize the court to create substantive rights that do not exist under the code. *In re Morristown & Erie Railroad Company* 885 F.2d 98, 100 (3rd Cir.1989). Section 105(a) is not a license to judicially legislate perceived shortcomings in existing law. *In re Olson*, 120 F.3d 98, 102 (8th Cir. 1997). *Official Committee of Equity Sec. Holders v. Mabey*, 832 F.2d 299, 302 (4th Cir.1987), *cert. denied*, 485 U.S. 962, 108 S.Ct. 1228, 99 L.Ed.2d 428 (1988).

■ Of course, should the court choose to exercise its 105 powers, such powers should be used sparingly. *In re Nasco P.R., Inc.*, 117 B.R. 35 (Bankr.D.P.R.1990).

■ There exists some precedent for the court to use its § 105 powers in compelling the debtor to file a tax return. *Jablonski v. Internal Revenue Service* 204 B.R. 456 (W.D.Pa.1996) *aff'd* 114 F.3d 1172 (3rd Cir.1997) (Case dismissed for failure to comply with court order to file tax return); *In re Cobb*, 216 B.R. 676, 680 (Bankr.M.D.Fla.1998); *Whitehead v. United States*, 1997 WL 732503 (M.D.Fla.1997), aff'd, 157 F.3d 906 (11th Cir.1998). Should the Court agree to utilize this power, un-

questionably the burden would be on the government to articulate a rationale for such action. Despite the fact that the government's Motion to Compel the Filing of the Tax Return was scheduled for hearing, the record discloses that the government offered nothing significant in support of its Motion. In essence, it offered nothing more than the Motion itself and an uncontested statement that the Debtor has not filed his tax returns for the years in question. The Court sees as dispositive that which has not been established or even alleged. The government has not alleged that they are unable to file an accurate Proof of Claim in the absence of the Debtor's tax returns. They have not alleged that the Debtor is uncooperative in supplying the information utilized in computing the tax. They have not suggested that the Debtor refuses to supply financial information under the provisions of Federal Rule of Bankruptcy Procedure 2004. They have not explained why they have not prosecuted the Debtor for failing to file tax returns under the provisions of 26 U.S.C. § 7203. Merely because there is a

law on the books criminalizing certain conduct or lack of conduct, does not vest this Court with the power (or the desire) to compel obedience to the law. While the Bankruptcy Court enjoys broad authority to administer the affairs of the Debtor, it is not a law enforcement agency. The government has just not stated how the substantive provisions of the Bankruptcy Code require that the Debtor be compelled to file tax returns by the Bankruptcy Court.

A literal reading of § 105(a) appears to suggest that this Court could indeed compel the Debtor to file tax returns should those filings be required. The government has simply failed to convince the Court that the returns are either required or appropriate in this context.

This is not to say that the administration of the bankruptcy would not be benefitted by the Debtor's compliance with the statutory requirement of filing. In fact, the final report of the National Bankruptcy Review Commission has suggested provisions requiring exactly that.[1] Neverthe-

---

1. 4.2.22 Conformity of Chapter 13 plans with provisions of the Bankruptcy Code:

    Requirement to file returns.

    Consensus on additional Chapter 13 requirements regarding, among others, the filing of returns:

    The NBRC has adopted the Recommendation of the Advisory Committee on filing return requirements in Chapter 13 cases. Following is an outline of the Proposal. 1. As a prerequisite for confirming a Chapter 13 plan, a debtor must have filed tax returns for all tax periods ending within six years prior to the petition date. A debtor's written consent to a substitute for return prepared by a tax authority or written stipulation to a judgment in a nonbankruptcy tax tribunal will constitute a "filed return" for purposes of this Proposal. 2. Prepetition tax returns must be properly filed with the appropriate tax authorities at least one day prior to the conclusion of the first meeting of creditors. At or before the conclusion of the first meeting of creditors, the debtor must file with the court a statement certifying, under penalty of perjury, that all required tax returns for the relevant periods have been properly filed with the appropriate tax authorities. The Chapter 13 trustee may require that a debtor submit copies of returns to the trustee. 3. If tax returns have not been filed by the date on which the first meeting of creditors commences, the trustee may continue the first meeting to allow additional time to file returns. The additional time allowed shall be no longer than (1) 120 days from the order for relief for returns that are past due as of the order for relief, or (2) for returns not past due as of the order for relief date, the latter of (i) 120 days from the petition date or (ii) the automatic extension date for filing a return under applicable tax law. 4. Failure to timely file tax returns by the above deadline for prepetition returns, or by due dates (including extensions pursuant to applicable tax laws) for postpetition returns, shall constitute cause for conversion or dismissal under § 1307(c). 5. The court, for good cause shown due to circumstances for which the debtor should not justly be held accountable, may extend the return-filing deadline. Dismissal or conversion would be automatic if such extended deadline were missed. 6. The deadline for objecting to plan confirmation shall be at least sixty days after

less, neither the recommendation of the Commission nor the convenience of a creditor can trigger the rather extraordinary powers of the Court under § 105(a).

It is for these reasons that the Internal Revenue Service Motion to Compel the Filing of Tax Returns is denied.

prepetition tax returns are filed with the tax authorities.

7. A debtor may not file an objection to a proof of claim for a tax required to be reported on a return unless the debtor has filed a return for that tax.

8. The § 502(b)(9) "governmental bar date" will be modified (for tax claims only) to allow tax authorities sixty days from the filing of tax returns by debtors to file proofs of claim; provided, however, that this modification will not have the effect of shortening the governmental bar date in any case. National Bankruptcy Review Commission Report at p. 945.