# United States Court of Appeals
## For the First Circuit

No. 01-9001

IN RE:  EDMOND E. ROBERTS AND SHARON ROBERTS,

Debtors,

EDMOND E. ROBERTS AND SHARON L. ROBERTS,

Appellants,

v.

JOHN BOYAJIAN, TRUSTEE, ET AL.,

Appellees.

APPEAL FROM THE BANKRUPTCY APPELLATE PANEL
OF THE FIRST CIRCUIT

Before

Torruella, <u>Circuit Judge</u>,
Cyr, <u>Senior Circuit Judge</u>,
and Lipez, <u>Circuit Judge</u>.

<u>Peter G. Berman</u> and <u>Raskin & Berman</u> on brief for appellants.
<u>John Boyajian</u> and <u>Boyajian, Harrington & Richardson</u> on brief
for appellee John Boyajian.

February 8, 2002

**CYR, Senior Circuit Judge.** After appellants Edmond and Sharon Roberts, husband and wife, filed their chapter 13 petition in 1993, the bankruptcy court confirmed their joint plan calling for (i) monthly payments of $474, to the chapter 13 trustee, extending over a five-year period; (ii) a $9,000 distribution to the Internal Revenue Service (IRS) on its priority prepetition income tax claim; and (iii) a ten percent dividend on all allowed unsecured claims. Several years later, IRS submitted supplemental claims asserting that Edmond Roberts had continued to incur additional income tax obligations after the chapter 13 proceeding was commenced, amounting to $15,000 by 1996 and more than $53,000 by 1999. The chapter 13 trustee thereupon successfully moved to dismiss the chapter 13 proceeding due to the debtors' failure to make payments sufficient to fund the confirmed plan, see Bankruptcy Code § 1307(c)(6); 11 U.S.C. § 1307(c)(6), thereby effectively precluding appellants from obtaining discharges of their debts. In re Roberts, 247 B.R. 592, 594 (Bankr. D.R.I. 2000).

An order allowing a motion to dismiss pursuant to Bankruptcy Code § 1307 is reviewed only for abuse of discretion. See Blaise v. Wolinsky (In re Blaise), 219 B.R. 946, 949-50 (B.A.P. 2d Cir. 1998). We review the Bankruptcy Appellate Panel decision directly. See Brandt v. REPCO Printers &

2

Lithographics, Inc. (In re Healthco Int'l., Inc.), 132 F.3d 104, 107 (1st Cir. 1997).

Appellants contend on appeal that the Bankruptcy Code entitles them to a chapter 13 discharge, see 11 U.S.C. § 1328(a) ("As soon as practicable after completion by the Debtor of all payments under the plan . . . the court shall grant the Debtor a discharge . . . .") (emphasis added), due to the fact that they had paid the chapter 13 trustee the entire $28,440 required under their confirmed plan (i.e., sixty installments at $474 per month), a commitment which the chapter 13 trustee and the bankruptcy court repeatedly reaffirmed even after the amount due the IRS on its tax claims surpassed the $9,000 in cumulative payments required by the confirmed plan.

Appellants can cite no authority for their contention, since the courts uniformly have held that a confirmed chapter 13 plan provision requiring a fixed percentage return to unsecured creditors takes precedence over a companion provision prescribing the aggregate payments to be made to the chapter 13 trustee. See In re Carr, 159 B.R. 538, 543 (D. Neb. 1993); In re Delmonte, 237 B.R. 132, 137-38 (Bankr. E.D. Tex. 1999); In re Goude, 201 B.R. 275, 277 (Bankr. D. Ore. 1996); In re Guernsey, 189 B.R. 477, 479 (Bankr. D. Minn. 1995); In re Rivera, 177 B.R. 332, 335 (Bankr. C.D. Cal. 1995); In re Phelps, 149 B.R. 534,

3

537 (Bankr. N.D. Ill. 1993).[1]  More importantly, given these unanimous authorities, appellants were not justified in construing any alleged representation by the chapter 13 trustee and/or the bankruptcy court as a concession that their completion of the payment schedule prescribed in their confirmed plan relieved them of their clear responsibility to comply with the other provisions in the plan, including their obligation to pay all priority tax claims and a ten percent dividend on allowed unsecured claims.

Lastly, Sharon Roberts appeals from another bankruptcy court order which denied her request for a so-called "hardship discharge."  See 11 U.S.C. § 1328(b)(1) ("[T]he court may grant a discharge . . . if [t]he debtor's failure to complete such

---

[1]Although the circumstances involved in these decisions differ slightly, each involved the same basic rationale; viz., that the plain language of section 1328(a) (like the provision for plan modification in § 1329) entitles the debtor to a discharge only "after completion . . . of all payments under the plan."  11 U.S.C. § 1328(a) (emphasis added).  See, e.g., In re Carr, 159 B.R. at 542 (noting that debtor did not "complete" payments where plan required payment "in full" on all priority claims, and where the scheduled payments under the plan proved insufficient to achieve that end); In re Delmonte, 237 B.R. at 137 ("A Chapter 13 debtor has a two-fold obligation under a confirmed plan.  It [sic] 'must make the plan payments required of it [sic] and those payments must be sufficient to do what the plan proposes.'") (emphasis added; citation omitted).  Further, such generic plan provisions (e.g., proposals to pay all priority claims in full) are necessary, since the proofs of claims often are not filed until after the plan is confirmed.  See In re Carr, 159 B.R. at 540-41.

4

payments is due to circumstances for which debtor should not justly be held accountable . . . ."). Her request for a "hardship discharge" represented that the postpetition tax penalties, which ultimately totaled more than $53,000, were incurred by her husband only, and even though she and her husband had filed a joint chapter 13 petition, no order for consolidated administration was ever entered by the bankruptcy court. Thus, she argues, the bankruptcy court was obliged to accord separate treatment to their respective credit obligations.

Rulings on applications for discharge under Bankruptcy Code § 1328 are reviewed only for abuse of discretion. <u>See</u> <u>Bandilli</u> v. <u>Boyajian</u> (<u>In re Bandilli</u>), 231 B.R. 836, 838 (B.A.P. 1st Cir. 1999). The ultimate evidentiary burden to establish an entitlement to a hardship discharge under Bankruptcy Code § 1328(b)(1) rested upon Sharon Roberts. <u>See</u> <u>id.</u> at 839.

All the authorities she cites are inapposite, however, relating instead to the entirely different matter as to whether each debtor in a joint proceeding is entitled to an independent homestead exemption. <u>See</u>, <u>e.g.</u>, <u>Cheesman</u> v. <u>Nachman</u>, 656 F.2d 60, 64 (4th Cir. 1981) (relying upon Bankruptcy Code § 522(m), which <u>expressly</u> empowers each debtor, in a joint case, to assert a separate exemption claim). Thus, the bankruptcy court plainly

5

did not abuse its discretion by denying the request for a hardship discharge under Bankruptcy Code § 1328(b)(1), particularly in light of (i) Sharon Roberts' election to proceed, with her husband, under a joint chapter 13 petition and plan, and (ii) her full awareness of the rapidly accruing postpetition IRS tax obligations, combined with her subsequent failure to move for severance.

**The judgment is affirmed; costs to be assessed against appellants. SO ORDERED.**