**DEPARTMENT OF THE TREASURY FOR THE COMMONWEALTH OF PUERTO RICO, Appellant,**

v.

**Luis M. GALARZA PAGÁN, et al., Appellees.**

Civ. Nos. 01–1794(HL), 01–1928(HL), 01–1929(HL), 01–1931(HL), 01–1932(HL), 01–1933(HL), 01–1934(HL), 01–1935(HL), 01–1936(HL), 01–1937(HL), 01–1938(HL).

United States District Court, D. Puerto Rico.

June 17, 2002.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court is the appeal of the Puerto Rico Department of the Treasury in this consolidation of eleven bankruptcy court cases. Appellees are eleven individuals who sought recourse under Chapter 13 of the Bankruptcy Code.[1] Because the legal issues and relevant facts for all these cases coincide, these appeals were consolidated.[2] The parties have submitted their

---

1. 11 U.S.C.A. §§ 1301—1330 (West 1993 & Supp.2001).

2. Ten of these cases were resolved by the same bankruptcy judge in a consolidated

judgment. The eleventh case—civil number 01–1794—was resolved by a different judge. In its brief, Treasury treats the decisions of both judges to be identical. See Civil no. 01–

briefs, and the Court now proceeds to resolve this appeal.

Treasury does not dispute the following findings of fact made by the Bankruptcy Court: all appellees filed Chapter 13 petitions; for each debtor, Treasury representatives appeared and participated in the creditors' meeting held pursuant to 11 U.S.C. § 341; Treasury filed a timely estimated proof of claim for each debtor; these proofs of claim were estimated because the debtors had not filed income tax returns; Treasury did not object to the confirmation of the plan for each debtor; and each debtor's plan was confirmed.[3] Treasury then filed, within two to five months of the confirmation order, a motion for an order compelling the debtors, pursuant to the bankruptcy court's equitable powers of 11 U.S.C. § 105(a), to file income tax returns. In the motion Treasury asserted that the debtors were not acting in good faith. The motion also asked that, as an alternative grounds for relief, the Bankruptcy Court dismiss the case pursuant to 11 U.S.C. § 1307(c)(1) for what it claimed was an unreasonable delay by the debtors prejudicial to Treasury.[4] Not sur-

prisingly, the debtors opposed this request.

The Bankruptcy Court then held a hearing on this matter. At the hearing the court held that Treasury had the opportunity to oppose the confirmation processes but failed to do so; that Treasury was bound by the terms of the confirmed plans; that there was no authority for an order to compel the debtors to file tax returns; that there was no delay prejudicial to Treasury that warranted dismissal under section 1307(c); and that the debtors' conduct did not constitute bad faith.[5] Accordingly, the Bankruptcy Court denied Treasury's motions. Treasury then took an appeal of this ruling.

## DISCUSSION

### 1. Scope and standard of review

At the outset, it is necessary to delineate the issues being raised on appeal and the standard of review which should be applied. In its brief, Treasury lists eight issues for appeal. The Court will consider, however, only two of them. The first one is whether the Bankruptcy Court should have compelled Appellees, pursuant to 11 U.S.C. § 105, to file past due tax returns.[6]

1794(HL), docket no. 11, at 2–3. In their brief, Appellees do not contest this assessment. Accordingly, this Court will follow suit and assume that the decisions were identical. The Court will also rely primarily on the findings and conclusions made by the bankruptcy judge in the ten cases resolved by the consolidated judgment.

3. Civil no. 01–1794(HL), docket no. 11, at 3–4; Transcript of Bankruptcy Court hearing held March 15, 2001 (hereinafter "Transcript"), at 17–18.

4. For the most part, Treasury filed verbatim motions in each case. In four of the cases, however, the motion more clearly articulated Treasury's request that, if the debtor did not file a tax return, the Chapter 13 case should be dismissed pursuant to 11 U.S.C. § 1307(c). *See* Appellant record in civil nos. 01–

1929(HL), 01–1934(HL), 01–1935(HL), & 01–1936(HL). The Court will treat the more articulate version of the motion as having been filed in all eleven cases.

5. Transcript at 19–23.

6. In its brief, Treasury formulates the section 105 issue as "Whether or not 11 U.S.C. § 105 empowers the Honorable Bankruptcy Court to issue an order compelling a debtor to file past due income tax returns." Civil no. 01–1794(HL), docket no. 11, at 5. This is an unnecessarily abstract formulation of the issue that was actually before the Bankruptcy Court. Treasury moved the Bankruptcy Court to compel Appellees, pursuant to section 105, to file tax returns. The Bankruptcy Court denied this request, and Treasury then took an appeal of this denial. The more ger-

The second is whether Appellees' failure to file tax returns constituted cause for dismissal under 11 U.S.C. § 1307(c). The Court need only consider these two particular issues because they were the specific requests made by Treasury in its motion and at the hearing on this matter. *Cf. Amcel Corp. v. Int'l Executive Sales, Inc.*, 170 F.3d 32, 35 (1st Cir.1999) (Appellate court need only consider those issues that were presented to the lower court). Moreover, the other issues which Treasury lists in its brief either are derivative matters of the two issues which the Court will consider or are not dispositive of the present controversy.

 A court sitting in appellate review of a bankruptcy court decision may not set aside the lower court's findings of fact unless they are clearly erroneous. *Palmacci v. Umpierrez*, 121 F.3d 781, 785 (1st Cir.1997). The bankruptcy court's legal holdings are reviewed de novo. *Id.* Matters over which the bankruptcy court had discretion are reviewed for an abuse of discretion. *In re Boodrow*, 126 F.3d 43, 47 (2nd Cir.1997); *Sears, Roebuck & Co. v. Spivey*, 265 B.R. 357, 364 (E.D.N.Y.2001). Thus, a bankruptcy court's decision on whether to grant relief under section 105(a) is reviewed for an abuse of discretion, *see Indian Motocycle Assoc. v. Mass. Hous. Fin. Agency*, 66 F.3d 1246, 1249 (1st Cir.1995), as is the decision on whether to dismiss a Chapter 13 petition pursuant to section 1307(c), *see In re Roberts*, 279 F.3d 91, 92 (1st Cir.2002). A bankruptcy court will have abused its discretion if it "ignore[d] a material factor deserving of significant weight, relie[d] upon an improper factor or [made] a serious mistake in weighing proper factors." *Howard v. Lexington Investments, Inc.*, 284 F.3d 320, 323

(1st Cir.2002) (quoting *Indep. Oil & Chem. Workers of Quincy, Inc. v. Procter & Gamble Mfg. Co.*, 864 F.2d 927, 929 (1st Cir.1988) (internal quotations omitted)).

### 2. Request for section 105(a) relief

 In the present case, Treasury moved for an order to have the debtors file tax returns. The bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C.A. § 105(a) (West 1993). Section 105 gives a bankruptcy court general equitable powers to further the substantive provisions of the Code; it does not, however, empower the court to create rights that do not exist under the Code. *In re SPM Mfg. Corp.*, 984 F.2d 1305, 1311 (1st Cir. 1993); *In re Morristown & Erie Railroad Company*, 885 F.2d 98, 100 (3rd Cir.1989). This power has its limits. It can only be exercised within the constraints of the Code. *In re Cajun Elec. Power Co-op., Inc.*, 185 F.3d 446, 452–53 n. 9 (5th Cir. 1999). Section 105 may not be used to revitalize lapsed contracts, extend otherwise prohibited deadlines, or realign the Code's priorities. *United States v. Farrell*, 241 B.R. 348, 349 (Bankr.M.D.Pa. 1999). The section should be used sparingly. *Id.* The fact that there is a law which compels certain conduct does not oblige a bankruptcy court to use its equitable powers to ensure compliance with that law. *Id.* at 350. In short, section 105(a) does not permit bankruptcy courts to become "roving commission[s] to do equity." *Matter of Southmark Corp.*, 49 F.3d 1111, 1116 (5th Cir.1995) (quoting *In re Haber Oil Co.*, 12 F.3d 426, 442–43 (5th Cir.1994) (internal quotations omitted)).

mane question is whether the Bankruptcy Court should have compelled Appellees, pursuant to section 105, to file tax returns. This

is a more accurate description of the controversy before this Court.

In the present case, Treasury has not specified which provision of the Code would be furthered by an order to have the debtors file income tax returns. Appellees have not argued that they are exempted from the filing requirements of Puerto Rico law. In its ruling, the bankruptcy court emphasized that it was not encouraging debtors to disregard the tax laws.[7] There is thus no question that Appellees in this case are legally obliged to file tax returns. Section 105(a), however, does not allow a bankruptcy court to sit as a roving equity commission to ensure that the Puerto Rico tax laws are followed. *See Southmark*, 49 F.3d at 1116; *Farrell*, 241 B.R. at 349–50. Accordingly, it was not an abuse of discretion for the Bankruptcy Court in this case to decline to use its section 105(a) powers.

There is a second reason justifying the denial of the section 105(a) request. Treasury requested the order compelling the debtors to file tax returns so that it could subsequently amend its proofs of claim. In its ruling, however, the Bankruptcy Court held that Treasury was bound by the terms of the confirmed plans.[8] Treasury did not participate in or object to confirmation until it filed its motions two to five months *after* the plans had been confirmed. Generally, a confirmed plan will bind the debtor and his creditors. 11 U.S.C.A. § 1327(a); *In re Scott*, 229 B.R. 811, 813 (Bankr.E.D.Okla. 1999); *In re McNulty*, 142 B.R. 106, 109 (Bankr.D.N.J.1992). This binding effect is also applicable to tax authorities. *See In re Elstien*, 238 B.R. 747, 756 (Bankr. N.D.Ill.1999); *In re McKissick*, 197 B.R. 206, 207–08 (Bankr.M.D.Pa.1996); *In re Puckett*, 193 B.R. 842, 849–51 (Bankr. N.D.Ill.1996); *In re Babich*, 168 B.R. 617, 621 (Bankr.N.D.Ohio 1994); *In re Jones*,

134 B.R. 274, 277 (N.D.Ill.1991). This can result in adverse consequences to a tax authority if it has failed to diligently participate in the debtor's bankruptcy case. *See In re White*, 2000 WL 33122722, at *3 (Bankr.D.Wyo.2000) (Discharge of federal tax liability was warranted where IRS failed to file a proof of claim for the tax year in question); *McKissick*, 197 B.R. at 207–08 (Denial of county tax bureau's proof of claim where bureau failed to register a timely objection to debtor's plan); *Puckett*, 193 B.R. at 849–51 (Denying government's motion to reopen case where it did not seek relief until after plan was completed, discharge was granted, and case was closed); *Babich*, 168 B.R. at 621–22 (IRS was bound by terms of confirmed plan where it failed to timely object to proposed plan); *Kuebler v. Comm'r of Internal Revenue Serv.*, 156 B.R. 1012, 1017 (Bankr.E.D.Ark.1993) (Partial discharge of tax liability was appropriate where IRS failed to object to modified plan); *Jones*, 134 B.R. at 277–80 (IRS' post-confirmation challenge to discharge was denied where it had failed to timely raise the issue).

In the present case, the debtors' plans had already been confirmed, and Treasury had failed to object to the plans prior to their confirmations. These confirmed plans had become binding. Treasury was seeking relief under section 105(a) so that it could amend its proof of claim after the plan had been confirmed. It was not an abuse of discretion for the Bankruptcy Court to deny this request.

### 3. Request for section 1307(c) relief

As an alternative grounds for relief, Treasury asked the Bankruptcy Court to dismiss Appellees' claims pursuant to 11 U.S.C. § 1307(c). That section

---

**7.** Transcript at 24.

**8.** Transcript at 19.

provides that a bankruptcy court may dismiss a case "for cause." Cause includes debtor's lack of good faith. *In re Leavitt,* 171 F.3d 1219, 1224 (9th Cir.1999); *In re Lilley,* 91 F.3d 491, 496 (3rd Cir.1996). The existence (or lack) of good faith is a purely factual finding that must be made on a case-by-case basis. *Lilley,* 91 F.3d at 496; *In re Love,* 957 F.2d 1350, 1355 (7th Cir.1992). A bankruptcy court may also dismiss a case for "unreasonable delay by the debtor that is prejudicial to creditors." 11 U.S.C.A. § 1307(c)(1). The decision whether to dismiss a Chapter 13 petition pursuant to section 1307(c) is reviewed for an abuse of discretion. *Roberts,* 279 F.3d at 92.

■■■ In the present case, the Bankruptcy Court ruled that there was no unreasonable delay which would warrant dismissal under section 1307(c). The Court agrees. There was no conduct by the debtors to unreasonably delay the bankruptcy cases. It appears from the record that their individual cases were promptly resolved and that Treasury participated in the creditors' meeting for each debtor. As the Bankruptcy Court noted, Treasury could have objected to the plans and raised the issue of filing tax returns prior to the debtors' confirmation. It, however, did not. To the extent there was any delay in the bankruptcy proceedings, it appears to have been caused by Treasury's filing of its motions after the plans had been confirmed. Therefore, the Bankruptcy Court did not abuse its discretion in refusing to dismiss the cases because of an unreasonable delay.

The Bankruptcy Court also ruled that Debtors did not commit any egregious behavior which would warrant a finding of bad faith. The good faith inquiry is one best left to the discretion of the bankruptcy court. *Lilley,* 91 F.3d at 496. In its brief, Treasury does not challenge the Bankruptcy Court's finding on this issue. Accordingly, the Court leaves this fact-intensive finding untouched.

As the Bankruptcy Court recognized in its ruling, the failure of Chapter 13 debtors to file tax returns poses a problem. It is not, however, a problem without solutions. In other jurisdictions, bankruptcy courts have issued standing orders or promulgated local rules requiring Chapter 13 debtors to timely file tax returns. *See, e.g., Howard,* 284 F.3d at 323; *In re Koval,* 205 B.R. 72, 76 (Bankr.N.D.Tex.1996). Alternatively, the tax authority may object to a plan if the debtor has not yet filed his tax returns. *See Howard,* 284 F.3d at 322. The Court mentions these possible solutions in passing, as the proper means of addressing this problem is not a question before the Court in the present appeal.

In the present case, Treasury chose to wait until after the plans had been confirmed to raise this issue. Treasury's position is supported by a legitimate public policy concern: the obligation of citizens to file tax returns. On the other hand, the debtors' argument is also supported by a policy concern: the binding nature of confirmed plans. The decisions whether to order the debtors to file tax returns and whether to dismiss the cases were discretionary ones. The record and case law do not support a holding that the Bankruptcy Court abused its discretion in making its ruling. Accordingly, the Court affirms the Bankruptcy Court's decision.

WHEREFORE, the Court hereby affirms the decisions of the Bankruptcy Court in these consolidated cases. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**