**IN RE: Anthony Tyrone PETE,
Laconia Anderson Pete,
Debtors.**

**CASE NUMBER 15–63725–JRS**

United States Bankruptcy Court,
N.D. Georgia, Atlanta Division.

Signed December 8, 2015

Craig Z. Black, The Semrad Law Firm LLC, Atlanta, GA, for Debtors.

### ORDER

James R. Sacca, U.S. Bankruptcy Court Judge

The question before the Court is whether the unsecured debt limit for eligibility purposes in a chapter 13 case is the same for an individual debtor as it is for joint debtors[1] or whether debtors should be eligible to be joint debtors in a chapter 13 case even if their aggregate unsecured debts exceed the limits set forth in section 109(e) because they are otherwise each individually eligible to be a debtor in a chapter 13 case.

This issue arose in response to an objection to confirmation and motion to dismiss filed by the Chapter 13 Trustee. The material facts are not in dispute. The Petes filed their joint chapter 13 petition on July 22, 2015. Their Schedules disclose aggregate unsecured debt of more than $475,000, including avoided liens of more than $40,000. Of this aggregate unsecured debt, only about $60,000 is owed jointly. The general unsecured debt attributable solely to Mr. Pete is about $225,000, and the general unsecured debt attributable solely to Mrs. Pete comes to about $150,000. Taking all of these figures into account, Mr. Pete's total unsecured debt, owed individually or jointly, is about $285,000 and Mrs. Pete's total unsecured

---

1. The Court is only focusing its decision on the unsecured debt limit, as opposed to the secured debt limit, because that is what is at issue in the case. The Court notes that Section 109(e) only uses the word "aggregate" in connection with unsecured debt, and not secured debt, in joint cases which could result in a different outcome if the aggregate secured debt was an issue in this case.

debt, owed individually or jointly, is about $250,000, both of which are individually below the unsecured debt limit to be eligible for a chapter 13 case.

The Trustee contends in the objection to confirmation and motion to dismiss that the Petes' combined unsecured debt exceeds the limit of $383,175 in section 109(e), thereby rendering them ineligible to be chapter 13 debtors in a joint case. The Petes agree that their aggregate unsecured debt exceeds that limit, but they assert that their separate unsecured debt does not. Consequently, they contend that because section 109(e) would have allowed them to file separate cases, they should be eligible to file a joint case, as well. The Pete's position is supported by several cases, such as *In re Werts,* 410 B.R. 677 (Bankr.D.Kan.2009); *In re Hannon,* 455 B.R. 814, 815–16 (Bankr.S.D.Fla.2011); *In re Scholz,* 2011 WL 9517442, at *2 (Bankr. M.D.Fla. Apr. 11, 2011); and *In re Bosco,* 2010 WL 4668595, at *1 (Bankr.E.D.N.C. Nov. 9, 2010). The Trustee's position is supported by *In re Miller,* 493 B.R. 55 (Bankr.N.D.Ill.2013).

After considering the statute and the case law, the Court concludes that the statute clearly and unambiguously applies the same unsecured debt limit to an individual filer as it does to joint filers. Accordingly, the Trustee's objection to confirmation will be sustained.

■■■ The statute at issue here is section 109(e). "We begin our construction of [a statutory provision] where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision." *CBS, Inc. v PrimeTime 24 Joint Venture,* 245 F.3d 1217, 1221 (11th Cir.2001), quoting *Harris v. Garner,* 216 F.3d 970, 972 (11th Cir. 2000) (en banc). "We have also said just as frequently that '[w]hen the import of

words Congress has used is clear, we need not resort to legislative history, and we certainly should not do so to undermine the plain meaning of the statutory language.'" *Id.,* quoting *Harris,* 216 F.3d at 976. "In other words, '[w]hen the words of a statute are unambiguous, then, this first canon [of statutory construction] is also the last: judicial inquiry is complete.'" *Id.,* quoting *Merritt v. Dillard Paper Co.,* 120 F.3d 1181, 1186 (11th Cir. 1997) (citation omitted). "The rule is that 'we must presume that Congress said what it meant and meant what it said.'" *Id.* quoting *United States v. Steele,* 147 F.3d 1316, 1318 (11th Cir.1998) (en banc) (citing *Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 253–54, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992)). "We do not start from the premise that [the statutory] language is imprecise. Instead, we assume that in drafting legislation, Congress said what it meant." *Id.* quoting *United States v. LaBonte,* 520 U.S. 751, 757, 117 S.Ct. 1673, 1677, 137 L.Ed.2d 1001 (1997). "Likewise, we assume the Supreme Court, in saying that, said what it meant." *Id.* The need to consider or search for alternative interpretations of a statute does not arise unless a statute is ambiguous.

Eligibility for relief under chapter 13 is subject to certain limitations found in section 109(e), including certain limitations on the amount of debt owed. Section 109(e) provides in pertinent part:

Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $383,175 and noncontingent, liquidated, secured debts of less than $1,149,525, or an individual with regular income and such individual's spouse ... that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $383,175 and noncontin-

gent, liquidated, secured debts of less than $1,149,525, may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e).[2]

■ The language of section 109(e) is clear: a debtor who files an individual case and debtors who file a joint case are subject to the same unsecured debt limits. An "individual" can be a chapter 13 debtor if he owes unsecured debts less than $383,175. *Id.* An "individual ... and such individual's spouse" can be debtors if they owe, in the aggregate, unsecured debts less than that exact same amount. *Id.* Section 109(e) expressly treats the unsecured debts of joint debtors in the aggregate, "not as the separate debts of separate debtors separately subject to the debt limits." *In re Miller,* 493 B.R. at 58.

The first case to hold that joint debtors whose aggregate debts exceed the debt limit, but whose individual debts do not, are nevertheless eligible for chapter 13 under section 109(e) was *In re Werts,* 410 B.R. 677 (Bankr.D.Kan.2009). *Werts* and the other cases following it favor policy arguments over the plain language of the statute. *See, e.g., Miller.* For example, *Werts* considered "the [congressional] goal of encouraging Chapter 13 filings" rather than filings under chapter 7, that there is "no reason" why a joint case could not be filed when each debtor separately meets the debt limits and would "be entitled to file his or her own Chapter 13 case" and considered that the contrary result "would elevate form over substance" and would "be no benefit to anyone." *Werts,* 410 B.R. at 688–89.

Perhaps Congress should raise the debt limits for eligibility for chapter 13 cases for single and joint filers and allow each debtor to qualify separately, but it has not yet decided to do so. *Werts* avoids the language of the statute and "never explains how section 109(e) can be interpreted to permit a joint case even though the aggregate debt limit is exceeded, as long as each debtor would be separately eligible to file an individual case." *Miller,* 493 B.R. at 59. Although *Werts* concludes that "a more reasonable reading" of section 109(e) is one that permits joint chapter 13 cases under these circumstances, *id.* at 688, that conclusion is not based on the language of the statute, nor does it explain why the statute is ambiguous such that an interpretation of the statute is necessary at all. *Id.*

■ As noted in *Miller,* that is not the way to apply a statute. When a court is faced with clear language in a statute, it should not begin its analysis by deciding "that some other way of doing things would be "more reasonable" and then "read" the statute to do them that way." *Id.* Section 109(e) embodies Congress' view of eligibility for joint debtors in a chapter 13 case. "It is not the place of courts to rewrite the Code, 'turning it into something they consider more logical, sensible, or conducive to human progress and enlightenment.'" *Miller,* 493 B.R. at 59, quoting *In re Farrar–Johnson,* 353 B.R. 224, 229 (Bankr.N.D.Ill.2006). Section 109(e) is clear. No interpretation to obtain what is perceived as a more practical or reasonable outcome is appropriate.

*Werts* makes an argument that the reference to "individual ... and such individual's spouse" in section 109(e).applies only to joint cases for the purpose of establishing eligibility for a spouse without regular

---

**2.** The debt limits are adjusted every three years. 11 U.S.C. § 104(a). The debt limits were last adjusted on February 21, 2013. *See* Revision of Certain Dollar Amounts in the

Bankruptcy Code Prescribed Under Section 104(a) of the Code, 78 Fed.Reg. 12089, 12090 (Feb. 21, 2013).

income. *Werts,* 410 B.R. at 687, 688. Although that portion of section 109(e) does enable a spouse without regular income to be eligible for chapter 13 relief in a joint case, nothing in the statute or the legislative history supports an interpretation that the aggregation of the unsecured debts of the couple in the joint case only applies to the situation where only one spouse has regular income. That interpretation could create the situation where two spouses with regular income could have up to twice as much unsecured debt in a chapter 13 case as other joint debtors who have only one spouse with regular income. Such a result is neither supported by the language nor, consequently, the intent of the statute.

Among the other cases that follow *Werts, Scholz* engages in some statutory analysis. *Scholz,* 2011 WL 9517442, at *1–2. Its analysis does not begin with section 109(e), but rather with sections 302(a) and (b). *Id.* at *1. Under section 302(a), a joint case is filed by "an individual ... and such individual's spouse," and under section 302(b), the bankruptcy court must determine in a joint case "the extent, if any, to which the debtors' estates shall be consolidated." *Scholz* also notes that section 109(e) "recognizes petition filers as individuals" and sets debt limits for " 'an individual' 'debtor,' " "nouns [that] are singular, not plural." *Id.* at *2 [3] *Scholz* concludes that it would be "inconsistent with the plain meaning of the language of Sections 302(a), 302(b), and 109(e) to treat joint filers as a consolidated entity, whose debts taken together may not exceed the Section 109(e) ceilings...." *Id.*

█ There are at least two problems with this analysis. First, section 109(e) expressly requires the aggregation of the unsecured debts of "an individual and such individual's spouse." Second, section 109(e) does not concern itself with the consolidation of estates, but rather the amount of unsecured debt Congress deemed appropriate to be administered in a chapter 13 case. "But even when the estates of joint chapter 13 debtors are not formally consolidated (which is most of the time), a joint petition is 'treated as a single case, and the assets and liabilities are administered as if substantively consolidated.'" *Miller,* 493 B.R. at 60, quoting Keith M. Lundin & William H. Brown, *supra,* § 7.1 at ¶ 4; *see e.g. In re Roberts,* 279 F.3d 91, 93 (1st Cir.2002)(treating joint debtors as an economic unit for purposes of one spouse's request for hardship discharge although no consolidation order had been entered). Accordingly, a single debt limit for both individual and joint debtors in chapter 13 "is in no way inconsistent with the filing of cases by 'individuals' under section 302(a) or the concept of separate estates under section 302(b)." *Miller,* 493 B.R. at 60.

This Court simply cannot ignore the placing of the word "aggregate" in section 109(e) in connection with the unsecured debt limit for the purposes of eligibility for joint debtors: only "an individual ... and such individual's spouse ... that owe" unsecured debts that "aggregate" less than the specified amount are eligible for chapter 13. 11 U.S.C. § 109(e). *Werts* and *Scholz* do not explain how this phrase can be read to mean anything other than there is a single unsecured debt limit for joint debtors as opposed to a separate, or individual, unsecured debt limit for each debtor. As pointed out in *Miller,* "there is no getting around that the subject in the relevant part of section 109(e) is plural ("individual ... and such individual's

**3.** Although the words "individual" and "debtor" are singular, section 102(7) of the Code provides that "the singular includes the plural," 11 U.S.C. § 102(7)).

spouse"), and the amounts these plural debtors may "owe" in the "aggregate" and still file a chapter 13 case are the same as the amounts for an individual debtor. As a grammatical matter, no other meaning is possible." *Miller,* 493 B.R. at 60.

Congress made a choice in setting the same unsecured debt limit in section 109(e) for individual and joint filers to determine eligibility for a chapter 13 case. Although it can be debated as a matter of policy whether those debt limits should be increased or perhaps that joint debtors should have a higher limit, the choice made by Congress is certainly not absurd. In considering such debt limits, Congress determined that those who exceed these debt limits should have to seek bankruptcy relief in other ways or chapters, which might include chapters where greater creditor protections exist—such as a disclosure statement, voting on plan confirmation and the absolute priority rule found in chapter 11. *Miller,* 493 B.R. at 61, citing *In re Brammer,* 431 B.R. 522, 524 (Bankr. D.D.C.2009). The fact that Congress only expressly required the aggregation of unsecured debts as opposed to secured debts with respect to joint debtors in section 109(e) leads this court to believe that Congress thought chapter 13 should not be used to reorganize and discharge unsecured debts in excess of $383,175 regardless of whether the case involves one debtor or two.

Congress has decided that the unsecured debt limit to be eligible for a chapter 13 case is $383,175 regardless of whether the case was commenced by an individual filer or joint debtors. Because the Petes' aggregate unsecured debt exceeds $383,175, they are not eligible to be debtors in a joint chapter 13 case, regardless of their eligibility to file individual chapter 13 cases.

For these reasons, the Trustee's objection to confirmation is is granted. The Pete's will have until December 15, 2015 to file a motion to convert their case to another chapter or file appropriate papers or pleadings to proceed in separate chapter 13 cases. If no such papers or pleadings are timely filed, the Court will grant the Trustee's motion to dismiss without further notice or hearing.

**IT IS ORDERED.**